IN

# THE SUPREME COURT

OF

## THE STATE OF MISSOURI,

JANUARY TERM, 1870, AT JEFFERSON CITY.

———◆◆◆———

JOHN H. & HENRY MOORE, Plaintiffs in Error, *v.* THE MAYOR, ALDERMEN AND CITIZENS OF THE CITY OF JEFFERSON, Defendant in Error.

1. *Bonds—Act of March, 1867, authorizing forfeiture of credit, not penal.*— The provision of the act of March 10, 1867, (Sess. Acts 1867, p. 18, § 3,) authorizing the forfeiture of the credit on non-payment of interest on bonds, is not such a penalty as to bring the bonds within the statute pertaining to penal bonds. (Gen. Stat. 1865, ch. 150.)

2. *Bonds—Jefferson City—Receipts of interest after suit commenced not a waiver of right to recover face of bond.*—After commencement of suit on Jefferson City bonds (Sess. Acts 1867, p. 18, § 3) for non-payment of interest due thereon, the mere receipt by plaintiff of said interest without proof of any agreement to discontinue suit or waive the forfeiture, is not a waiver of his right under that statute to recover the whole amount of the bond.

3. *Bonds, forfeiture of—Agreement to waive, effect of.— Semble,* that a contract to waive the forfeiture of a bond, although without consideration should be held to have the same force as an act which of itself indicated a waiver, when that contract is an inducement to the performance of the conditions, the neglect of which has caused the forfeiture.

*Error to First District Court.*

*Ewing & Smith*, for plaintiffs in error.

I. The bonds sued on are not penal. (2 Bouv. Law Dic. 323, Penalty; Gen. Stat. 1865, p. 604, § 1 *et seq.*) They are alternative obligations for the direct payment of money. The whole amount of the bond is entirely paid. The bond is in no event to become void, either upon the payment or non-payment of the coupon interest. If there is no penalty there can be no forfeiture, and hence the doctrine in relation to forfeiture and the waivers thereof between landlord and tenant, mortgagor and mortgagee, and obligor and obligee, in penal bonds, can have no application to this case in analogy of fact or law.

II. If by any construction these bonds are deemed penal bonds, then, on the failure to pay coupon interest, the penalty or principal debt became due, and the said corporation could only discharge itself upon payment of principal and interest. (Rosenkrantz v. Durling, 5 Dutch., N. J., 191; Haman v. Dimick, 14 Ind. 105.)

III. When a debt is payable in installments, and it is stipulated that upon the non-payment of any given installment the whole debt is to become due, the tender of the amount due, with costs, after suit, will not save the forfeiture or relieve the obligor from payment of the whole debt. (3 Hurl Norm. 291; 1 Barn. & Ald. 214; 2 Strange, 957; 19 Wend. 104; 7 Paige, 179.)

*Flanagan & King*, for defendant in error.

The acceptance of the interest and costs by plaintiffs amounted to a waiver of the forfeiture. (Conkling v. King, 10 Barb. 372; Chalker v. Chalker, 1 Conn. 79; Garhart v. Finney, 40 Mo. 449.) Payment of interest after suit brought should have the same operation as if paid before. (Coon v. Brickett, 2 N. H. 163; Keenan v. Dubuque Ins. Co., 13 Iowa, 375; Bevin v. Connecticut Mutual Ins. Co., 23 Conn. 244; Bouton v. American Life Ins. Co., 25 Conn. 542.)

BLISS, Judge, delivered the opinion of the court.

The plaintiffs were the holders of twenty-one city bonds, given by defendant, for $100 each, with interest coupons attached, and conditions that "if the interest is not so paid, this bond becomes due and payable to the holder." Neither of the bonds had become due according to its terms, but the interest was payable annually on the first of July. The coupons maturing in 1868 were presented to the treasurer for payment, which was refused, and this suit is brought for the principal and interest. The defendant answers, among other things, that after the suit was commenced "the defendant, through its treasurer, has tendered to the plaintiffs the sum of $210, being the amount of interest due upon said bonds, and the further sum of $12, being the full amount of costs, which amounts the plaintiffs on," etc., "accepted and received in full payment of all coupons up to this date and costs." To this part of the answer there was no reply; but, notwithstanding, judgment upon the bonds was rendered in the Circuit Court, which was reversed on appeal to the District Court.

It is admitted by the record that the plaintiffs received the amount due upon the coupons and costs after the suit was commenced; and the defendant claims this to be a waiver of the breach so that the instrument, according to its terms, can not be enforced. These bonds were issued under a special act (Sess. Acts 1867, p. 18); and section 3 authorizes the conditions of forfeiture of the credit upon non-payment of the interest. The provision in regard to the forfeiture of credit is not such a penalty as to bring the bonds within the statute pertaining to penal bonds. The statute is silent in regard to obligations of this kind, and leaves the parties to their agreements. Does, then, the answer show any such action by the holder as to waive his rights under this provision?

It is clear that if the default of the city was induced by any action of the holder, as by giving further time, or if any sufficient excuse existed for not paying at the time, there would be no default in fact. So it was competent for him to agree to

Moore et al. v. The Mayor, etc., of the City of Jefferson.

waive the default and receive the interest as though paid when due. But the answer simply shows that he accepted payment. I can not see upon what principle that, of itself, as matter of law, can be held to waive his rights. The interest, as well as principal, had become due, and he had a right to receive either as well as both. No agreement is alleged to discontinue the suit or waive the forfeiture, and the defendant was in no way injured or put to disadvantage by the plaintiff's action as set out.

It is very probable that when these coupons and costs were paid there was an understanding that the payment should be received as though made when due, and that the forfeiture should be overlooked. This is a question of fact that should have been put in issue, and then evidence that the plaintiff received the exact amount of the coupons, and all the costs that had then accrued, would be a strong circumstance tending to prove the affirmative of that issue.

The defendant cites many authorities upon the subject of forfeitures and their waiver as of leases, insurance policies, etc., where certain acts are held as matter of law to waive the forfeiture. As, if the landlord, knowing of the forfeiture of the lease, receives after accrued rent, it is an implied acknowledgment of the continuance of the lease, and, of itself, must necessarily be held to waive the forfeiture; so, if an insurer knowingly issues a policy and receives a premium, without the performance of some condition required of the assured, he is held to have waived the condition. And, in the present case, if anything had been done by the holder of the bonds inconsistent with any other hypothesis than that the long credit still existed, that act would of itself have been an acknowledgment of the continued credit. No such act is set up in the answer, and an agreement should have been alleged. It is true that an agreement without a consideration can not, in general, be enforced; yet the law does not favor forfeitures, and equity, it is said, abhors them. A contract to waive it should be held to have the same force as an act which of itself indicated a waiver, where that contract is an inducement to the performance of the conditions, the neglect of which had caused the forfeiture.

That the case may go back to the Circuit Court for a new trial upon an amended answer, we affirm the judgment of reversal and remand the cause, with leave to amend. The other judges concur.