Mary P. P. Swett *vs.* Citizens' Mutual Relief Society.

Cumberland.    Opinion December 31, 1886.

*Citizens' Mutual Relief Society. Life Insurance. Assessment. Misrepresentation. Waiver. Assignment.*

The Citizens' Mutual Relief Society of Portland, is a mutual life insurance company.

Where an applicant for admission to a voluntary association for mutual relief, the rules of which did not admit members over sixty years of age, stated his age, in his application, to be fifty-nine years, when in fact he was sixty-four years of age,—it is such a misrepresentation as invalidates the contract of insurance issued thereon.

Nor is such contract made valid by the incorporation of the members of the voluntary association and the assumption by that corporation of the contracts of the voluntary association.

The treasurer of such a company can not ratify and make valid an invalid contract of insurance.

The acceptance of the payment of unpaid assessments by the treasurer, made by the claimant after the death of the assured, is not a waiver by the company of any invalidity in the original contract of assurance.

Assessments paid by the members of a mutual life insurance company into the treasury of the corporation, in accordance with its by-laws, become the money of the company.

Members paying such assessments can not control the disposition of them, nor will an assignment of them by such members pass any title to the assignee.

ON REPORT.

*M. P. Frank*, for the plaintiff.

If, upon investigation and report, the applicant is admitted, that is the end of it in the absence of actual fraud or concealment which will never be presumed, and of which there is no evidence in this case. *Illinois Masons' Society* v. *Winthrop*, 4 Law & Eq. Reporter, 554 (Supreme Court of Ill. Oct. 9, 1877).

The defendant corporation was not formed until May 17, 1877, having previously been simply a voluntary association. In its corporate capacity it is not a life insurance company. Public Laws of 1875, c. 373.

The plaintiff's husband was admitted to membership of the defendant corporation, without any application or representation whatever.

The money sued for has all been paid into the treasury of the defendant corporation. It was paid on account of the death of W. H. Swett, and for the use and benefit of, or to be paid to, one of the persons found upon investigation by the directors to exist, in this case the plaintiff. Who is entitled to it, if not the plaintiff? Nothing in the by-laws allows it to be used for any other purpose.

They had no right to make an assessment except upon the death of a beneficial member. If Mr. Swett was not such, then the assessment was wrong and unauthorized, and the society has no right to the money so paid in. It must be paid either to the plaintiff, upon the ground that her husband, on account of whose death it was assessed, was a beneficial member, or it must be returned to the persons from whom it was received, on the ground that he was not a beneficial member, and that the assessment was wrongfully made.

By receiving assessments and retaining them, they will be deemed in law to have waived any fact within their knowledge, which might have been set up to avoid their liability. *Excelsior Mut. Aid Association* v. *Riddle*, 16 Cent. Law Journal,

407 (Supreme Court of Indiana, May 11, 1883); *Erdman* v. *Mut. Ins. Co.* order of Herman's Sons, 6 Reporter, 606 (Supreme Court of Wisconsin, July, 1878); *Cotton States Life Ins. Co.* v. *Edwards, Adm'x,* 18 Reporter, 584 (Supreme Court of Georgia, Oct. 21, 1884); *Ins. Co.* v. *Norton,* 96 U. S. (6 Otto,) 234; Hermon on Estoppel, edition of 1871, pp. 518–19.

*Byron D. Verrill,* for the defendant, cited: *Bolton* v. *Bolton,* 73 Maine, 299; *Campbell* v. *N. E. Mut. Life Ins. Co.* 98 Mass. 381; *Kimball* v. *Aetna Ins. Co.* 9 Allen, 540; *Herrick* v. *Union Mut. F. Ins. Co.* 48 Maine, 558; *Battles* v. *York Co. Mut. Fire Ins. Co.* 41 Maine, 208; *Armour* v. *Transatlantic F. Ins. Co.* 90 N. Y. 450; *Aicher* v. *Metropolitan Life Ins. Co.* 13 Phil. 139; *Thompson* v. *Buchanan,* 4 Bro. P. C. 482; *Vose* v. *Eagle Life & Health Co.* 6 Cush. 42; May, Insurance, § 181; *Dennison* v. *Thomaston Mut. Ins. Co.* 20 Maine, 125; *Treadway* v. *Hamilton Mut. Ins. Co.* 29 Conn. 68; *Smith* v. *Haverhill Mut. Fire Ins. Co.* 1 Allen, 297.

LIBBEY, J. The defendant corporation is similar to the one involved in *Bolton* v. *Bolton,* 73 Maine, 299, in which this court, after a careful consideration of the question, held that such corporations are mutual life insurance companies.

In 1875, certain men formed a voluntary association, under the name of the Citizens' Mutual Relief Society, of Portland, having for its object the payment of a stipulated sum on the death of a member, as relief to any person designated by him in writing, or to his widow, children, or relatives, in the order specified in the articles of association.

The requisite qualifications for membership were as follows: "Any male resident of the city of Portland, and any business man resident in Cape Elizabeth, Deering, Westbrook, Scarborough, Gorham or Windham, having a regular and established place of business in Portland, if twenty-one and not over sixty years of age, may become a member upon a two-thirds vote of those members of the society present when the election is held, and payment of the admission fee, as follows."

An applicant for admission was required to make application in writing, stating among other things, his age.

On the 15th of June, 1876, the plaintiff's husband, William H. Swett, made his application to be admitted as a member, stating therein that he was born in 1817, and his age was fifty-nine years. On this application, by the requisite vote of the members of the society, he was admitted a member and acted as such, paying his dues till May, 1877, when the associates were incorporated by the same name and organized the defendant corporation. By a by-law of the corporation, the qualification for membership, as to age, was "twenty-one and not over fifty-five years of age." By a vote of the corporation, passed when it was organized, all members of the voluntary association were made associate members of the corporation without a new application.

Swett continued to pay his dues as a member of the society till his death, May 29, 1883. By the terms of the insurance, the plaintiff, as his widow, if she can maintain her action, is entitled to one thousand and thirty dollars.

It is proved that the plaintiff's husband, when he made his application for admission to the voluntary association in 1876, was sixty-four years of age, and not fifty-nine, as he stated in his application, and upon proof of his death, the directors for that cause rejected the plaintiff's claim, and in August following, the corporation affirmed the action of its directors.

The age of the applicant was a material fact. If more than sixty, he could not become a member. His representation of the fact was a warranty of its truth, and if not true, the contract was invalid. This rule is so uniformly held by the courts that no authorities need be cited.

But it is claimed by the learned counsel for the plaintiff that the vote of the corporation making the voluntary associates members of it, created a valid contract between it and Swett, notwithstanding that, by reason of the false warranty of his age, he was not legally a member of the voluntary association. We do not think so. It made those only members of the corporation who were legal members of the voluntary association. It was

merely a continuation by the defendant of the contract existing between Swett and his associates, and the defendant took the place of the first society; or, in other terms, it was a reinsurance of Swett's life, on his application; and any fact which rendered the contract invalid when so adopted, furnishes a good defence by the defendant to the plaintiff's action on it.

It is further claimed that the defendant, by its treasurer, received of the plaintiff, after her husband's death, two assessments against him, made just before he died, and at the time, the treasurer and some of the other officers, had information of Swett's true age; and upon these facts it is contended that the defendant ratified the contract, or is estopped from setting up this defence.

We think this ground untenable. There is no evidence that the directors had knowledge of Swett's true age prior to their action rejecting the plaintiff's claim in July, 1883. Nor is there any evidence that the treasurer or any other officer of the corporation, acquired any knowledge or information of the fact while in the discharge of any official duty. *Fairfield Savings Bank* v. *Chase*, 72 Maine, 226. But assuming that the treasurer acquired notice of the fact when he received the assessments, he had no power to ratify the invalid contract. He could not admit a member and thereby make a contract of insurance, and if he had no power to make such a contract for the corporation, he had no power to validate a void contract by any act of ratification.

The fact that after Swett's death, assessments were made by the treasurer on the members, in accordance with the by-laws, and paid into the treasury of the corporation, gives the plaintiff no right to maintain her action on an invalid contract to recover the sums so paid. Nor does the assignment to the plaintiff by seventy-nine members, of the assessments so paid in by them, give her a right of action. After paying their assessments into the treasury of the corporation, the members could not maintain an action to recover it back. The money so paid in became the money of the corporation, and it had a right to retain and

control it. If the assignors could not maintain an action for it, they could give the plaintiff no power to do so by their assignment.

*Judgment for the defendant.*

PETERS, C. J., WALTON, VIRGIN and EMERY, JJ., concurred.

HASKELL, J., having been of counsel, did not sit.