ELIZA A. HARVEY, Appellant, v. THE GRAND LODGE OF THE ANCIENT ORDER OF UNITED WORKMEN, Respondent.

Kansas City Court of Appeals, June 13, 1892.

1. **Benefit Society:** PROMPT PAYMENT OF PREMIUM: WAIVER. Where the policy of insurance requires prompt payment of the premium, or the policy will be forfeited, such condition may be waived by the habit of the insurer in receiving the premium after it is due.

2. ———: SUSPENSION: RENEWAL: DEFENSE. Where the constitution and by-laws of a benefit society suspended its beneficiary certificate, *ipso facto*, by the non-payment of the assessment, such certificate cannot be renewed after the death of the assured; and the society has the right to invoke as a defense that clause of the contract which provides that any member suspended for any cause whatever forfeits all claim to the beneficiary fund during suspension, unless there has been a waiver.

3. ———: KNOWLEDGE OF MEMBER: POWER OF OFFICER. The members of a fraternal beneficial association are conclusively presumed to know its laws, and its officer has no authority to waive any of its laws which relate to the substance of a contract between an individual member and the association.

4. ———: RECEIPTS OF ASSESSMENTS AFTER DUE: WAIVER. The fact that the financial officer of a subordinate lodge upon several prior occasions accepted the payments of assessments after due, the deceased being in good health, cannot continue the contract in force after default in the payment of a subsequent assessment on the day it is due; and is, at most, a mere personal indulgence,—a mere matter of grace on the part of such officer, with the possible implication to the assured that his money would be received a few days after due if he was then living; and such fact cannot amount to a waiver, where the grand lodge was not cognizant of such practice nor authorized or ratified the same.

*Appeal from the Jackson Circuit Court.*—HON. JOHN W. HENRY, Judge.

AFFIRMED.

*Henry Smith* and *James G. Smith*, for appellant.

Whether the subordinate lodge or the financier was the agent of the grand lodge to collect and pay over assessment dues, the manner in which it was done showed that the course of dealing with the members, and between members, as to payment of these dues, was such as to forbid forfeiture, and to waive that condition of the contract. *Benefit Ass'n v. Jones*, 84 Ky. 110; *Sweetser v. Aid Ass'n*, 117 Ind. 97; *Stylow v. Ins. Co.*, 69 Wis. 224; *Thompson v. Ins. Co.*, 52 Mo. 469; *Hanley v. Life Ass'n*, 69 Mo. 380; s. c., 4 Mo. App. 253.

*Frederick H. Bacon*, for respondent.

(1) The contract is not in this case found in the certificate sued on, but is in the laws of the order. These laws define the powers and duties of the officers of grand and subordinate lodges and the obligations of the members. Beyond these laws, if unambiguous, we cannot go. *Mulroy v. Knights of Honor*, 28 Mo. App. 468; *Grand Lodge v. Elsner*, 26 Mo. App. 109; *Hysinger v. Supreme Lodge*, 42 Mo. App. 628; *Gray v. Supreme Lodge*, 118 Ind. 328; 20 N. E. Rep. 833; *Britton v. Supreme Council*, 46 N. J. Eq. 102; 18 Atl. Rep. 675; Bacon on Benefit Societies, sec. 161, and cases cited. (2) The contract being a compact between and upon the part of all the members, the doctrine of waiver does not apply to acts of representatives of the members, whether officers of grand or subordinate lodges, because that would allow one unauthorized agent to change the laws or contract, and so make a different contract with

one member than that with the others, when the understanding on coming into the order was that the same law was to apply to all. *Borgraefe v. Knights of Honor,* 22 Mo. App. 141; *McDonald v. Chosen Friends,* 78 Cal. 49; 20 Pac. Rep. 41; *Eaton v. Supreme Lodge,* 22 C. L. J. 560; 29 N. E. Rep. 1123, approved by the supreme court of Illinois; *State ex rel. v. Ben. Soc.,* 42 Mo. App. 489; *Froehly v. Ins. Co.,* 32 Mo. App. 312; *Lyon v. Supreme Assembly,* 26 N. E. Rep. 236; *McRoy v. Church,* 152 Mass. 272; *Sweet v. Society,* 7 Atl. Rep. (Me.) 394; *Miller v. Hillsborough,* 42 N. J. L. 459. (3) In fact, the financier of the subordinate lodges of the defendant order is, under the by-laws, the agent of the individual members of the lodge, and not the agent of the grand lodge.

SMITH, P. J.—This is a suit on a beneficiary certificate executed and delivered by defendant, an incorporated fraternal benefit association, to William H. Harvey, to pay his wife, the plaintiff, at his death, $2,000, on condition that the said Harvey complied with all the laws, rules and requirements of said order. The answer claimed that the said Harvey had failed to pay an assessment of $1 due by him on January 28, 1890, and that, on the first day of February thereafter, he died, whereby his benefit certificate became suspended, and whereby he forfeited all claim to the "beneficiary fund." The replication pleaded in avoidance of the forfeiture that it was the custom and practice of the defendant's subordinate lodge and officers to receive of deceased and others of its members payment of assessments after due, and not to insist on forfeiture, etc. There was a trial by the court and judgment for defendant, from which plaintiff appeals.

The case was tried by the court below, as appears by its instructions, upon the distinct theory that the officers of the Kansas City lodge number 185 had no power to waive any of the positive requirements of the laws of defendant corporation relating to the payment of assessments, even though the financier of said lodge was accustomed to receive the payment of assessments from the members of said lodge, and the said deceased Harvey, after the twenty-eighth of the month in which they were due, and that this fact would not constitute a binding precedent nor relieve the deceased from his obligation to pay said assessment number 1, on or before the twenty-eighth of January, 1890, unless the defendant had knowledge of such customs, and consented thereto; and it is of this the appealing plaintiff here complains. It is conceded that the deceased was a member of the defendant's order; that the assessment number 1, of January 1, 1890, was properly levied; that deceased was duly notified of such assessment and did not pay the same before January 28, or during his lifetime; that, by such non-payment, the deceased stood suspended, and that the plaintiff was not entitled to recover on the benefit certificate sued on unless the alleged custom of the financier of the Kansas City lodge operated as a waiver of the requirements of the laws of the defendant in respect to the payment of assessments.

It is unquestionably the well-settled law in this state that where a policy of insurance requires prompt payment of the premium, or the policy will be forfeited, this condition may be waived by the habit of the insurer in receiving the premium after it is due. *Hanley v. Life Ass'n Am.*, 69 Mo. 380; 4 Mo. App. 253. The plaintiff, in support of the ground of her appeal, cites to us the cases of *Nat. Mut. Ben. Ass'n v. Jones*, 84 Ky. 110, and *Stylow v. Ins. Co.*, 69 Wis. 224.

The facts in each are unlike those in this case, and, for that reason, the rulings there made are inapplicable here.

In the Kentucky case the officers of the insurance company who were authorized to receive and receipt for the amount of all assessments made against its members, after the deceased was in default in the payment of the assessment for which the forfeiture was claimed, did unconditionally accept payment, and thereafter the company appropriated and used it, and never offered to return it until after the death of the deceased. It is analogous in principle to that where the landlord, knowing the forfeiture of a lease, receives after-accrued rent; it is an implied acknowledgment of the continuance of the lease, and, of itself, must necessarily operate as a waiver of the forfeiture. *Moore v. City*, 45 Mo. 202. In the Wisconsin case, the insurance company made an assessment against the deceased after he had made default for a prior assessment, for the non-payment of which it was claimed there was a forfeiture of all rights under the certificate of insurance sued on. It is clear that these cases, in their essential features, present not the slightest resemblance to the case at bar. In those cases there was, after the occurrence of the act for which the forfeiture was claimed, a distinct recognition by the insurer that the insured was still one of its members. The insurer, in such case, upon every just principle, ought to be estopped to claim a forfeiture of the membership of the insured or his rights as such. A waiver of strict performance in such case was necessarily implied.

In the case here, the deceased, at the time of his death, was in default. The offer of payment, or, for that matter, the payment of the assessment by another, after his death, could avail the plaintiff nothing, since the constitution of the defendant, which is part of the

executory contract entered into between the deceased and the defendant, provided that "any beneficiary cer-- tificate suspended by reason of non-payment of an assessment thereon may be renewed, *if the member be living*," etc.

The beneficiary certificate, being *ipso facto* suspended by the non-payment of the assessment, could not be renewed after the death of the assured. The defendant undoubtedly has the right to invoke in its defense that clause of the contract which provides that any member, suspended 'from any cause whatever, forfeits all claim to the beneficiary fund during suspension, unless, as has already been stated, the fact, that the financier of the subordinate lodge had been in the habit of receiving payment by deceased and others of previous monthly assessments after the twenty-eighth of the month, in some way operated as an estoppel or waiver.

The members of a fraternal beneficial association are conclusively presumed to know its laws. *Coleman v. Knights of Honor*, 18 Mo. App. 189; *Grand Lodge v. Elsner*, 26 Mo. App. 108; Bacon on Benefit Societies, sec. 81. An officer of any such association cannot waive the requirements of its laws which are essential elements of the contract, because he is a special agent, and his authority is known to the members dealing with him. The rule, we think, fairly deducible from all the authorities is that he has no authority to waive any of its laws which relate to the substance of a contract between an individual member and his associates in their associate capacity. *Lyon v. Supreme Assembly*, 26 N. E. Rep. (Mass.) 236; *Brotherhood's Case*, 31 Beav. 365–375; *Burbank v. Ass'n*, 144 Mass. 437; 11 N. E. Rep. 691; *McCoy v. Church*, 152 Mass. 272; 25 N. E. Rep. 289; *Baxter v. Ins. Co.*, 1 Allen, 294; *Evans v. Ins. Co.*, 9 Allen, 329; *Hale v. Ins. Co.*, 6 Gray, 169; 66 Am. Dec. 410; *Brewer v. Chelsea*,.

14 Gray, 203; *Mulroy v. Ins. Co.*, 2 Allen, 116; *Sweet v. Society*, 78 Me. 541; 7 Atl. Rep. 394. Even if the financier of the subordinate lodge is regarded as the agent of defendant, he could not bind it in his transactions with the deceased member beyond the scope of his authority; for, if he could, then it logically results that he has the power to suspend or abrogate the constitution and by-laws of the defendant at his mere will and pleasure, which, in the very nature of things, could not be allowed. Clearly, he is invested with no such extraordinary power. *Hale v. Ins. Co.*, 6 Gray, 169; 66 Am. Dec. 410; *Priest v. Ins. Co.*, 3 Allen, 604; *Behler v. Ins. Co.*, 68 Ind. 354; *Westchester Ins. Co. v. Earle*, 33 Mich. 150; *Mulroy v. Ins. Co.*, 4 Allen, 116.

The provision in the contract in respect to the time when payments of assessments were to be made was a condition for the benefit of the defendant, the performance of which it could dispense with—waive. But there must be knowledge of the essential facts, or else there can be no intention to relinquish. If no knowledge, then there could be no assent to or acquiescence in the irregular and unauthorized receipt of the payments of the assessments against deceased. The evidence in this case utterly fails to prove that the defendant had any knowledge of the agent's irregular and unauthorized acts. The reports of the financier to the grand receiver show nothing of this kind. There is then no such waiver as between these parties as will constitute the ground work of an estoppel. We do not think that the fact that the financier of the subordinate lodge upon several prior occasions accepted the payment of the assessments after due, the deceased being in good health at the time, continued the contract in force after the default on January 28. It was at most a mere personal indulgence, a mere matter of grace on the part of the financier, and the most that can be

claimed for it is that it may have led the deceased to believe that, if he again neglected to pay on the day, the money would be accepted four or five days thereafter, provided he was *then living*. And this is entirely consistent with the fact that, while the default continued, the benefit of the contract was suspended.

The case may seem at first glance as one of considerable hardship in view of the practice and habits of the financier of the subordinate lodge in receiving payment of assessments after default [by members, yet we cannot see that the grand lodge was cognizant of such practice or habit or in any way authorized or ratified the same, and, therefore, the case must be regarded as if there had been no such practice or habit on the part of the financier. Unless the constitution and by-laws of the order in respect to the payments of assessments are rigidly upheld and enforced, the insurance annex of the order, which is one of its most commendable features, cannot be maintained. The very existence of the order depends very greatly upon this. The beneficent objects and purposes of the order cannot be accomplished except by strict observance of the requirements of the constitution and by-laws of the order by the members of the subordinate lodges.

We can discover no ground of error in the record before us which calls for any interference by us, so the judgment must be affirmed. All concur.