'ADELAIDE MARCOUX

*vs.*

SOCIETY OF BENEFICENCE ST. JOHN BAPTIST, OF FAIRFIELD.

Somerset.    Opinion January 20, 1898.

*Benefit Society.    Sick and Death Benefits.    Misrepresentations.    Age.    Intemperance.    Forfeiture.    Waiver.*

The by-laws of the defendant corporation, a religious, social and beneficial society, prohibited the admission of a person more than fifty years of age. A member of the society at the time of his admission, in answer to the question propounded by the president, in accordance with the by-laws, declared that his age was then forty-nine years. He was, in fact, at that time fifty years, nine months and seventeen days old. *Held;* that the declaration of the member in regard to his age was a misrepresentation of a material fact, and that such misrepresentation rendered invalid the contract with the society.

The plaintiff's husband became a member of the St. John Baptist Benevolent Society of Waterville, an unincorporated association, July 15, 1877. The members of this society were incorporated December 21, 1878, under the provisions of R. S., c. 55. The by-laws of the association were adopted by the corporation. April 5, 1887, the members of the Waterville Society, residing in Fairfield, withdrew by consent of the parent society and organized the defendant corporation. The plaintiff's husband was one of these members. The old and the new societies made a "contract and alliance, so that the member of each of the societies should pay at the death of each member the sum of one dollar to his widow, the same as before their separation." At its organization, the defendant corporation adopted the constitution and regulations of the Waterville society, and which are identical with those in force when the plaintiff's husband became a member. These by-laws absolutely prohibited the admission of a person who was more than fifty years old. *Held;* that the defendant corporation assumed the obligations pertaining to the membership of the plaintiff's husband only upon the implied condition that his declaration to the Waterville society, in regard to his age, was true. The defendant corporation continued the contract undertaken by the parent society, and it is liable, in this particular, only when the old society would have been. *Also;* that any fact which rendered the contract invalid, when so adopted, furnishes a good defense by the defendant corporation to the plaintiff's action upon it.

The laws of the defendant society provided that a member while retaining his membership should forfeit temporarily his right to sick benefits if his illness

is due to intemperance, or if he failed to pay the monthly contribution promptly in advance, and in such case, if he afterwards paid, the forfeiture would extend through the month succeeding his payment. These laws further provided that the defendant society should not be liable to a beneficiary for a death benefit, unless the member at the time of his death was entitled to sick benefits. *Held;* upon the facts reported, that there was a forfeiture of the contract in this case upon both grounds, and that therefore the beneficiary cannot recover the death benefit.

*Held;* that the plaintiff's right under the contract to recover the expenses of worship and burial is contingent upon a valid membership of the deceased. His widow, therefore, is not entitled to recover under this claim, it appearing that her husband's membership was invalid by reason of his age at the time of joining the society.

One cannot be said to waive that which he does not know. *Held;* that the defendant corporation did not waive its defenses by attending the funeral of the deceased, pursuant to a vote of the society, as a body and in uniform. The society did not have any knowledge of the true age of the member until long after his funeral. *Also;* that the attendance at the funeral is not a waiver of the other defenses. While intemperance and failure to make prompt payments work a forfeiture of benefits, they do not work a forfeiture of membership.

ON REPORT.

This was an action of assumpsit against the defendant, a society incorporated for the mutual assistance of its members while living, and the benefit of the members' widows and heirs after their decease.

(Declaration.)   In a plea of the case, for that Michel Marcoux of Clinton, in the county of Kennebec, on the thirteenth day of April, A. D. 1887, at said Fairfield, became a member of the defendant society, and the defendant in consideration that said Michel should pay twenty-five cents per month at the meeting of each month and should pay one dollar during the thirty days following a member's death and should pay one dollar in advance, did promise the said Michel to pay the expense of religious services, and burial not exceeding twenty-five dollars, and did promise the said Michel to pay to his widow or heirs the sum of one dollar for each member in said society and in the society of Beneficence St. John Baptist of Waterville, Maine, at the time of his decease; that the plaintiff is the widow of said Michel; that said Michel died on the eleventh day of October, 1896.. And the plaintiff

avers that, at the time of the decease of said Michel, there were five hundred members in said society, that said Michel had paid all his dues and assessments to the defendant society; that due notice has been given said society of the decease of said Michel. Yet though requested, etc.

Plea, general issue and brief statement as follows:—

And for a brief statement of special matter of defense to be used under the general issue pleaded, the said defendant further says, that if it promised in manner and form as the plaintiff in her writ has declared against it, it was in consideration of the promise and agreement of the said Michel Marcoux that if his death should be caused by his intemperance or bad conduct, the defendant should be released from the obligation of said promise; and the defendant says that the death of the said Michel Marcoux was caused by his intemperance and bad conduct.

And the defendant further says that its said promise was made in further consideration of the promise of the said Michel Marcoux that he would pay to the defendant society the sum of twenty-five cents as a monthly contribution at each monthly meeting of said defendant society held on the first Sunday of each month, and in the event that he should not pay his said contribution at any monthly meeting, that he would lose his right to receive any benefits from the defendant society, even for the month succeeding the payment of said contribution which he had neglected to pay; and that if he should not be entitled to benefits at the time of his death, his widow or his heirs should not be entitled to receive any.

And the defendant says that the said Michel Marcoux did not pay the contribution due from him to the defendant society at the monthly meeting of said society held on the first Sunday of September, 1896, and did not pay said contribution until the meeting of said society which was held on the first Sunday of October, 1896; that the death of the said Michel Marcoux occurred within one month next after the payment of said contribution due on the first Sunday of September, 1896.

The defendant further says that the said promise, if made, was

made in further consideration of the promise and agreement of the said Michel Marcoux that the statements made by him when he became a member of the Society of St. John the Baptist at Waterville, Maine, were true; that said statements were not true in this, viz: that the said Michel Marcoux declared when he became a member of said Society of St. John the Baptist at Waterville, Maine, that he was not over fifty years of age, but that he was forty-nine years of age; whereas the said Michel Marcoux was then and there more than fifty years of age.

*S. S. Brown and F. W. Clair*, for plaintiff.

*C. F. Johnson and G. G. Weeks*, for defendant.

SITTING: PETERS, C. J., FOSTER, HASKELL, WISWELL, STROUT, SAVAGE, JJ.

SAVAGE, J.  The plaintiff, as widow of Michel Marcoux, seeks to recover from the defendant certain benefits which she claims are due to her by virtue of the "Constitution" and "Regulations" of the defendant society, of which her husband is alleged to have been a member in his lifetime.  The defendant is a religious, social and beneficial society.  It issues no benefit certificates or contracts to its members.  It is conceded that its obligations to its members and their beneficiaries are to be found in its by-laws, otherwise called its "Constitution" and "Regulations."  In these, we find the following provisions which are material to the decision of this case :—

"The principal object of this society of beneficence is to establish by a monthly contribution made by the members, a fund to help the sick associates, and after their death, for the widows and children."  Constitution, Art. II.  "No person can be admitted before the age of fifteen nor after the age of fifty."  Constitution, Art. III.  "The monthly contribution will be twenty-five cents, payable in advance at the regular meeting on the first Sunday of each month."  Regulations, Art. XIV.  "Any member, when elected, will be obliged to pay his admission fee himself the next month.  He must answer the questions made by the president."

Among the questions is the following :—" Tell us, upon your word of honor, that you are not older than fifty." Regulations, Art. XIV. " The society binds itself to pay three dollars a week, excepting the first, to any member who by sickness or accident is unable to work. . . . ." " During the thirty days following the death of a member, every associate must pay one dollar to the Secretary of Finance." " The Secretary of Finance will remit the total amount to the widow of the deceased." " In order that the . . . . widow be entitled to this amount, the member must be entitled to benefits at the time of his death." " At the death of a member, the society will pay the expense of the worship and burial, provided the sum does not exceed twenty-five dollars." " When a member receives benefits, he must pay in advance one dollar to the Secretary of Finances, who will give him a receipt and deposit this money in bank, said money will be paid to the widow or heirs of the deceased." Regulations, Art. XVI. " When the physician or visitor proves that the sickness is due to intemperance or bad conduct, the member will lose all his rights for help from the society." " He who will not pay his contribution at each monthly meeting, will lose his rights to benefits; even for the month succeeding his payment." Regulations, Art. XVII.

I.   The plaintiff claims to recover one dollar for each member of the defendant society, at the time of her husband's death, which was October 11, 1896. This claim is made under the provisions of Article XVI of the Regulations, cited above. She also claims to recover of the defendant one dollar for each member of the St. John Baptist Benevolent Society of Waterville, by virtue of a contract or " alliance " between the two societies.

The defendant resists payment, claiming, (1) that Michel Marcoux when he joined the parent society at Waterville was more than fifty years old, though he then represented his age to be forty-nine years, and that the defendant, by reason of facts to be hereafter stated, can take advantage of this misrepresentation, and of the fact that he was then actually more than fifty years old; (2) that Michel Marcoux, at the time of his death, was not

entitled to "benefits," i. e. sick benefits, because his last sickness and death were due to his "intemperance," and because he failed to pay in advance, when due, the monthly contribution due on the first Sunday of September, 1896; so that not being entitled himself to sick benefits at the time of his death, his widow is not entitled to a death benefit.

Plaintiff's husband became a member of the St. John Baptist Benevolent Society, of Waterville, an unincorporated association, July 15, 1877. The members of this society became incorporated December 21, 1878, under the provisions of R. S., chap. 55. The by-laws of the association were adopted by the corporation. April 5, 1887, the members of the Waterville society, residing in Fairfield, withdrew by consent of the parent society, and organized the defendant corporation. Michel Marcoux was one of these members. The old and the new societies made a "contract and alliance, so that the members of each of said societies shall pay at the death of each member, the sum of one dollar to his widow . . . . the same as before their separation." At its organization, the defendant adopted the "Constitution" and "Regulations" of the Waterville society, from which we have taken the foregoing citations, and which are identical with those in force when Michel Marcoux became a member.

These by-laws absolutely prohibited the admission of a person who was more than fifty years of age. It appears that Marcoux at the time of his admission, in answer to the question propounded by the president, in accordance with the by-laws, declared that his age was then forty-nine years. It is satisfactorily proved by an examined copy of the Registry of Births, in the parish of St. Mary, County of Beauce, Province of Quebec, his birthplace, that he was born September 28, 1826, and that he was, therefore, fifty years, nine months and seventeen days old, when he joined the Waterville society. The declaration of Michel Marcoux made to the Waterville society, in regard to his age, was a misrepresentation of a material fact; and that such a misrepresentation rendered invalid the contract with the parent society is well settled. *Swett* v. *Citizens' Mutual Relief Society*, 78 Maine, 541.

But the plaintiff earnestly contends that even if this is so, as to the Waterville society, still her husband's membership in the defendant society was valid, because he became a member of it, at its organization, and was a member when it adopted its Constitution and Regulations, and therefore was not affected by the provision relating to age. We do not think so. The solution of the question does not depend alone upon the effect of the adoption of its by-laws by the defendant. Marcoux was received as a member by the defendant upon the assumption that his membership in the Waterville society was valid, and therefore, upon the necessary implication that he was not more than fifty years old when he joined that society. The defendant assumed the obligations pertaining to his membership only upon the implied condition that his declaration to the Waterville society, in regard to his age, was true. Virtually, the defendant continued the contract undertaken by the parent society, and it is liable, in this particular, only when the old society would have been. In the language of *Swett* v. *Relief Society*, supra, "any fact which rendered the contract invalid, when so adopted, furnishes a good defense by the defendant to the plaintiff's action upon it."

Further, the defendant is not liable to the widow for the death benefit, unless the member was "entitled to benefits at the time of his death. Regulation, Art. XVI. The word "benefits" clearly refers to sick benefits. The laws of the defendant society provide that a member while retaining his membership shall forfeit temporarily his right to sick benefits, if his illness is due to "intemperance," or if he fails to pay the monthly contribution promptly in advance, and in such case, if he afterwards pays, the forfeiture is extended through the month succeeding ·his payment. It is not objected that these rules are not reasonable and enforceable. It is claimed that Marcoux at the time of his death was not entitled to "benefits," and that inasmuch as he was not entitled to sick benefits, for both of these reasons, therefore the plaintiff, by virtue of the regulation above cited, is not entitled to the death benefit. The proof is plenary that on the day before his death, he became intoxicated, and while in that condition, he attempted to drive his

team from Fairfield village to his home in Clinton. While on the way, being unable to steady himself in the wagon, he rolled out over the wheel, and on to the ground. He was fatally injured and died in about twenty-four hours. The accident was due to his intoxication. Under these circumstances, was he entitled to "benefits" at the time of his death? We think not. By his own conduct he had incurred the forfeiture. When "the sickness is due to intemperance, or bad conduct, the member will lose all his rights for help from the society." Regulations, Art. XVII.

Still further, it is conceded that Marcoux's monthly contribution, due in advance on the first Sunday of September, 1896, was not paid to the secretary of the defendant until the following day. As we construe the laws of the defendant, this failure would have debarred him from sick benefits, "for the month succeeding his payment," and as the term "month" as used in defendant's by-laws extends from the first Sunday in one month to the first Sunday in the next, he would not have been entitled to benefits during the month beginning the first Sunday of October, that being the month succeeding the one in which he made his belated payment. But he died during that month. It is unnecessary to elaborate further. Marcoux not being entitled to sick benefits at the time of his death, his widow is not entitled to the death benefit.

II. The plaintiff also claims to recover twenty-five dollars for the expenses of worship and burial. The by-laws do not make the payment of this sum contingent upon anything except the membership of the deceased, but it is necessarily contingent upon a valid membership. We have already held that Marcoux's membership was invalid by reason of his age at joining. His widow, therefore, is not entitled to recover under this claim.

The plaintiff claims that the defendant has waived its defenses. It appears that the defendant society in pursuance to a vote, attended Marcoux's funeral as a body and in uniform, and it is contended that this was a recognition of the validity of his membership, and that it is evidence of a waiver, on the part of the society, of any objections on account of any invalidity of his membership.

Without considering what would be the effect in a case like this
of an intended waiver, we do not find that there was in fact any
waiver;—certainly not as to the effect of the misstatement of age,
for it does not appear that the society had any knowledge of the
true age of Marcoux until long after his funeral. One cannot be
said to waive that which he does not know. Nor was the attend-
ance at the funeral a waiver of the other defenses. Intemperance
and failure to make prompt payment did not work a forfeiture of
membership, but of "benefits." In all other respects, the rights
and privileges of membership continued, and the society might well
extend to the memory of the deceased such tributes as it saw fit,
without waiving any defense it might have to an action like this.

*Judgment for the defendant.*