DeLoach *v*. Ozark Mutual Life Insurance Company.

Opinion delivered May 2, 1921.

1. INSURANCE — BENEFIT INSURANCE — MISSTATEMENT AS TO AGE.—
Where the by-laws of a benfit insurance company prohibited admitting a member above 60 years of age, the company is not bound by a certificate of insurance issued to a member over that age whose application contained a false statement as to his age, whether the false statement be held a representation or a warranty.

2. INSURANCE—MISSTATEMENT AS TO AGE—RECOVERY OF PREMIUMS.—
Where a benefit certificate was not binding on the insurer by reason of a false statement that the insured was within the insurable age, the premiums paid may be recovered where the misstatement as to insured's age was not made wilfully or fraudulently.

Appeal from Polk Circuit Court; *James S. Steel,* Judge; affirmed.

*Norwood & Alley,* for appellant.

1. The certificates do not contain any forfeiture clause, and the language of the applications and certificates do not amount to a warranty that will render the certificates void because of an honest mistake as to the age of the insured. An insurance policy is construed most strongly against the insurer. 134 Ark. 245; 80 *Id.* 49; 134 *Id.* 245; 113 *Id.* 174; 86 *Id.* 115.

2. Forfeitures are not favored, and if the contract does not specifically and definitely provide for such forfeiture the court will not read a forfeiture into the contract. 89 Ark. 479; 89 Md. 624.

3. The certificates were valid, although the assured was older than the maximum age limit fixed by the laws of the appellee association. 134 Ark. 245; 105 *Id.* 143. The certificate will prevail in the absence of proof that the certificate is in conflict with the charter or articles of association. 105 Ark. 143. Certificates can not be treated as valid for one purpose of collecting assessments and invalid to escape liability. 74 Ark. 190; 70 Ia. 455; 120 Ill. 121. A party can not ratify and repudiate the same transaction. 47 Ark. 301. The certificates were not declared void on account of any fraud but because the insured was over the age limit as declared by the by-laws, and appellee should have returned at least the premiums paid. 3 L. R. A. (N. S.) 114. See, also, 32 *Id.* 298; 88 N. E. Rep. 97. The certificates were not void and appellee is liable.

*Minor Pipkin,* for appellee.

The certificates were void, and there can be no recovery because of a breach of the warranty. 14 R. C. L., § 207; 63 N. Y. 404; 31 Me. 219; 58 Ark. 526. They are void for false representations of material matters. Elliott's Law of Ins., § 37; 126 Mass. 316. They were void because applicant was not eligible to membership. 39 Minn. 303; 92 Wis. 577; 47 L. R. A. 681. When a policy is void by reason of breach of warranty, the premiums paid can not be recovered back. Dalo 98; Poe 634; 10 Ill. App. 431, 441.

Smith, J. Appellant DeLoach made application for two certificates of membership in the Ozark Mutual Life Association, hereinafter referred to as the company, on the life of his mother. The certificates were issued, and the insured died April 19, 1919. The proof of death thereafter made disclosed the fact that Mrs. DeLoach was past sixty years of age at the time of the issuance of the certificate, and that information thus acquired was the first knowledge the company had that the insured's true age had not been correctly stated in the applications.

The applications for the certificates contained the following recitals: "To make certificate valid the questions in the application must be answered correctly."

And further: "I hereby make application to the Ozark Mutual Life Association for membership in the same, and in doing so certify that the following statements are made and questions answered correctly as a basis for obtaining same: Name, Telithy Emily DeLoach, age 60."

. Another clause in the application is to the effect that "It is hereby understood and agreed that this application, upon its acceptance, is a part of the contract and warranty by the member, and that no agent or other person has any authority to waive or dispense true and correct answers in writing hereon to any of the questions above set forth."

At the time the applications for the certificates were executed there was in force a by-law of the company as follows: "This organization, being founded purely upon a mutual basis and being governed in a representative manner, those eligible for membership shall be of the white or Caucasian race, between the ages of ten and sixty years, inclusive, counting from the nearest birthday."

All the statements herein recited appear in the agreed statement of facts upon which the case was tried before the court without a jury, and it was therein stipulated that DeLoach did not knowingly or wilfully misrepresent his mother's age when the applications were made.

The court rendered judgment in favor of the company on the certificates, but gave judgment against the company for the amount of the premiums paid, and both DeLoach and the company have appealed.

We think the judgment of the court below should be affirmed in its entirety.

The company had the right to rely on the statement that the party proposed for insurance was of an insurable age, and it had no knowledge to the contrary until

the proofs of death were made. In this respect the case differs from that of *Mutual Aid Union* v. *Blacknall*, 129 Ark. 450 (same case, first appeal, 123 Ark. 377), in which case the applicant for the insurance gave his correct age, but the agent of the insurance company, instead of writing into the application the age as given to him, wrote down an age which was within the limit prescribed by the company beyond which it did not accept applications. We there held that, in the absence of collusion between the applicant and the agent, the company would be charged with the knowledge thus acquired by its agent and would be held to have waived the inhibition contained in the policy against insuring a person of the applicant's true age.

Appellant DeLoach cites and relies on the case of *Lincoln Reserve Life Ins. Co.* v. *Smith*, 134 Ark. 245. But that case does not control here. In that case the jury might have found that the insured was fifty-three years of age, as stated in his application, or that he was fifty-nine years of age, as the proof on the part of the company tended to show. The policy in that case contained the following provision in regard to age: "4. Age. If the age of the insured has been misstated, the amount payable hereunder shall be such as the premium paid would have purchased at the correct age, provided, the age at the time insured is not over sixty years." It was not shown or contended in that case that the insured was past sixty. It was shown, however, that the company had an age limit of fifty-five years on a policy of the kind there sued on, and that the company prescribed no rate of premiums on policies of that kind on persons over fifty-five years of age.

The contention of the company in that case was that, if there was a misstatement of age, and the age of the applicant exceeded the maximum limit on such policies, there could be no recovery, for the reason that the premium paid by the insured would not have purchased insurance in any sum according to the insured's correct age. On behalf of the plaintiff, the owner of the policy

by assignment, it was contended that a recovery of the full amount of the policy was allowed, notwithstanding the misstatement of the age, for the reason that the company did not show that a policy for a similar sum was purchasable according to the limited payment plan—the plan on which the policy was issued. We sustained the contention of the plaintiff and assigned as our reason therefor that the effect of the clause in regard to the age, set out above, was to provide for a lessening of the amount provided the age of the insured was not over sixty years, and that it devolved upon the company, in order to obtain any advantage under this clause, to show that there was a purchasable policy according to the plan adopted at the true age of the insured. In other words, that there was a liability for the amount named in the face of the policy unless it could be lessened so as to be reduced to such an amount of insurance as the premium paid "would have purchased at the correct age," and that unless that premium would have purchased a policy for a less sum the liability for the full amount continued.

But we have here no such clause to construe. On the contrary, the applicable clause requires the applicant to be under sixty to be eligible to membership.

The parties litigant debate the question whether the statement in regard to the age of the insured was a representation or a warranty. But we pretermit a decision of that question, as we think the law governing the facts herein recited is correctly stated in Joyce on Insurance, vol. 3 (2 ed.), page 3258. It is there said: "And if the by-laws of a benefit insurance company prohibit it from receiving a member above a certain age, the society is not bound by a certificate of insurance issued to a member over that age, whose application contained a false statement as to his age. So a misstatement as to age, where insured was over the insurable age of admission to a society, will constitute a defense, irrespective of the question whether such false statement be held a representation or warranty."

The case of *Pirrung* v. *Supreme Council of Catholic Mut. Ben. Assn.,* 93 N. Y. Supp. 575, fully supports the text just quoted.   There McLennan, P. J., speaking for the Supreme Court of New York, Appellate Division, said: "We think under such circumstances (that is, that the company had, by no act of its own, induced one to become a member who was not eligible) it must be held as a matter of law that if John Pirrung was in fact over fifty years of age at the time he made his application and was initiated into the defendant association he was ineligible, and that the defendant, not being aware of the fact, did not become liable on account of the certificate of membership issued to him; and that this is so entirely independent of whether or not his statement as to his age be regarded as a warranty or as a representation only.   *Meehan* v. *Supreme Council,* 95 App. Div. 142, 88 N. Y. Supp. 821.

See, also, 1 Bacon on Life & Accident Ins., section 278; *Sweet* v. *Citizens Mutual Relief Society,* 7 Atl. 394; *Waltz* v. *Workmen's etc., Benefit Fund,* 139 N. Y. Supp. 1016; *Marcoux* v. *Society of St. John,* 39 Atl. 1027.

The return of the premiums was properly ordered. There was no actual fraud here.   There was a misstatement of the age of the person proposed for insurance which induced the issuance of the certificates of insurance; but this was not wilfully or fraudulently done.

The case of *Taylor* v. *Grand Lodge A. O. U. W.,* 105 N. W. 408, 3 L. R. A. (N. S.) 114, is a well considered case which reviews the authorities on this subject, and announces the law to be that a recovery can not be had where the certificate was obtained by actual fraud, that is, where there was a wilful purpose to deceive on the part of the insured or the applicant; but that premiums may be recovered in all other cases.

Judgment affirmed.

McCulloch, C. J., (dissenting).   The majority pretermit a decision of the question as to whether or not the statement with reference to the age of the assured con-

stituted a warranty, and I will content myself with merely saying that under the terms of the policy the statement was not, in my judgment, a warranty. Nor was it a false representation for, according to the undisputed evidence, the mistake as to the age of the assured was an innocent one and free from any intention to misstate the facts. Nor does the policy, in terms, make the correct statement of the age of the assured a condition precedent, so as to avoid the contract.

One of the by-laws of the association prescribes the restriction as to the age, but it does not provide that a policy shall be void if the age of the assured is above the limit. Therefore, the decision of the case comes down, I think, to the question whether or not the contract is *ultra vires.*

Now a rule of law of very general application, sustained by the great weight of authority, is that, if a corporation enters into a contract not immoral in itself and not forbidden by any statute and which has been in good faith performed by the other party, the plea of *ultra vires* by a corporation will not be sustained in order to defeat recovery under a contract. That rule has been adopted by this court. *Minneapolis F. & M. Mut. Ins. Co.* v. *Norman,* 74 Ark. 190.

The rule is applicable to the present case, and results in establishing appellant's right to recover, since there was no breach of warranty, no false representations and no unperformed condition precedent. No statute forbids such a contract, and it is not one of immoral nature. Appellees has enjoyed the benefits of the contract by receiving the premiums paid, and ought not be permitted to escape liability on the ground that the contract is beyond the powers prescribed under its by-laws. It is unimportant that the premiums were received by the company without knowledge that the age of the assured was not within the limit prescribed in the by-laws, for, since there was no breach of warranty and no false representation to defeat the contract, the parties must be

deemed to have contracted with reference to the life of the particular individual mentioned, and the fact that there was a mutual mistake with respect to the age of the assured does not render the contract unenforceable. This does not result from an application of the doctrine of estoppel, but from the principle that when a corporation has received all the benefits of an executed contract which is not forbidden either in law or in good morals, it should be be compelled to perform its part of the contract even though contrary to its own by-laws. Knowledge on the part of the corporation of the fact that there has been a departure from the by-laws is not essential to liability, if the corporation has received all of the benefits of performance by the other party and there has been no breach of warranty nor false representation.

It seems to me that the decision in this case is in conflict with our decision in *Mutual Aid Union* v. *Blacknall,* 129 Ark. 450. In that case there was found to be a waiver of the misstatement of age by reason of the knowledge of it being brought home to the company through its agent. But if, as the court below now decides, the contract was one beyond the power of the company to execute, we ought to have decided in that case that the contract was void on that account.

My conclusion is that, according to the undisputed evidence, appellant is entitled to recover the full amount of the policy.