No. 3493

Second Circuit

(Second Division)

THOMAS ET AL. v. SHREVEPORT MUTUAL BENEVOLENT ASSN.

(July 16, 1931. Opinion and Decree.)

Lester Wilson, of Shreveport, attorney for plaintiffs, appellees.

C. B. Prothro, of Shreveport, attorney for defendant, appellant.

STEPHENS, J. Plaintiffs bring this suit as the beneficiaries under the terms of a certificate of insurance issued to their mother by the defendant, Shreveport Mutual Benevolent Association. The defendant answered, and relies primarily for its defense upon the contention that the plaintiffs' mother, Mary Ann Daniels, fraudulently misrepresented her age as being under the limit as fixed in the articles of copartnership and the by-laws of the defendant company in her application for the certificate of insurance; the defendant averring that it had no knowledge of the misstatement of the age of the insured until proof of death was made.

The case was tried and resulted in a judgment in favor of the plaintiffs in the sum of $1,000, which was the face value of the certificate of insurance, and the defendant appeals.

A motion to remand this case was filed by the plaintiffs on the ground that the defendant concern no longer exists, and that its successors have not requested to be made parties to this appeal. The affidavit in support of the motion was made by one of the counsel for plaintiffs, to the best of his knowledge and belief. The defendant has filed an affidavit signed by its president, who states therein that defendant is still in business, and that the belief of counsel is unfounded. The motion to remand is overruled.

The defendant is an unincorporated mutual benefit insurance association operating under articles of partnership on what is known as the assessment plan. Every member of the association, upon proper application duly made, is issued a certificate of insurance for a stated sum, or so much thereof as may be collected from the membership of the society by one assessment, payable at the time of death of the insured, if at that time he or she be in good standing and shall have paid all assessments levied and due.

Article 5 of the association's co-partnership agreement reads as follows:

"All persons between the ages of one and sixty years of age shall be eligible to membership, and may become members upon agreeing in writing to abide by all the rules and regulations and accepting all of the stipulations of the act of the board of directors, etc."

Mary Ann Daniels, the mother of the plaintiffs, applied for membership in the defendant association on December 7, 1923. Her application reads:

"I hereby make application for membership in the Shreveport Mutual Benevolent Association, and agree to abide by all the rules and regulations of the said Association and agree to pay all dues and assessments promptly when notified that same are due.

"My full name is Mary Ann Daniels. Age 59.

"Post office Box or Street No. 685.

"City. Oil City. State. La.

"I name as my beneficiary Children $2,000.

"Whose address is Oil City, La.

"I am now in good health as far as I know and am not over 60 nor under fourteen years of age and am not afflicted with consumption, cancer, Bright's disease or high blood pressure..

"(Signed) Mary Ann Daniels."

A certificate of insurance and membership was issued to Mrs. Daniels the following day, December 8, 1923.

On the 6th day of August, 1924, the articles of the co-partnership association were amended at length, and pursuant to such amendment a second certificate of insurance and membership was issued to Mrs. Daniels on October 9, 1924. This latter certificate is the one herein sued on, and was issued upon the original application of the insured of date December 7, 1923, as she was at the time of its issuance a member in good standing, and entitled thereto, irrespective of the question of age and condition of her health.

It was shown on the trial of the case that the insured was born on October 21, 1863; and that therefore on the date of her application for membership and the issuance of the original certificate of insurance she was over sixty years of age. She died October 16, 1926. It was further shown that the defendant had no knowledge that the insured had incorrectly stated her age in the application until after proof of death..

The defendant contends that the insured willfully misrepresented her age, and that as her age was a material fact, such misrepresentation voided the contract of insurance.

The record, we think, discloses that the insured did misrepresent her age for the purpose of becoming a member of the society and receiving the certificate of insurance; that the defendant would not have issued this certificate of insurance if it had known at the time the application was presented that the applicant was above the age limit fixed by the articles of co-partnership; and that the defendant had no knowledge of the misstatement of the age of the applicant until after her death.

The jurisprudence by the great weight of authority supports the conclusion of the defendant that if these facts be true the contract of insurance is void.

Under similar conditions and facts it was held in Swett v. Citizens' Mutual Relief Society, 78 Me. 541, 7 A. 394, 395:

"The age of the applicant was a material fact. If more than 60 he could not become a member. His representations of the fact was a warranty of its truth, and, if not true, the contract was invalid. This rule is so uniformly held by the courts that no authorities need be cited."

In the case of Marcoux v. Society, etc., 91 Me. 250, 39 A. 1027, 1029, in which the by-laws of the association established the age limit at fifty years, it was said:

" * * * That he was therefore 50 years, 9 months, and 17 days old when he joined the Waterville society. The declaration of Michel Marcoux made to the Waterville society, in regard to his age, was a misrepresentation of a material fact; and that such a misrepresentation rendered invalid the contract with the parent society is well settled."

In the case of DeLoach v. Ozark Mutual Life Association, 148 Ark. 414, 230 S. W. 268, 14 A. L. R. 921, the Supreme Court

of Arkansas adopted the rule stated in Joyce on Insurance, as follows:

"Where the by-laws of a benefit insurance company prohibit receiving a member above a certain age, the society is not bound by a certificate issued to one over that age whose application was false as to age, and such misstatement constitutes a defense, whether it be held a representation or a warranty."

The Illinois Court of Appeal in Dailey v. Grand Lodge, Brotherhood of Railroad Trainmen, 226 Ill. App. 164, held as follows:

"Where the constitution of a life insurance association provides that an applicant for insurance must not be over forty-five years of age on the day of his application, a statement by an applicant who was over that age that he was forty-four years and three months of age was a warranty and renders the certificate null and void."

The plaintiff refers to Act No. 227 of 1916, as announcing the policy of this state that no statement of the insured shall be used in defense of a claim under the policy, unless it is contained in a written application attached thereto.

We accept this rule of law as governing contracts of insurance between life insurance corporations and claimants under the terms of policies issued by said corporations; but it has no application whatever to a contract of insurance between a copartnership and one of its individual members.

We are of the opinion that the trial court was in error in rendering judgment for plaintiffs. It is therefore ordered, adjudged, and decreed that the judgment appealed from be reversed, and that there now be judgment rejecting plaintiffs' demands.