HOHENSCHUTZ v. KNIGHTS OF COLUMBUS.

4-7567                                    186 S. W. 2d 177

Opinion delivered March 26, 1945.

*U. A. Gentry,* for appellant.

*John L. Sullivan,* for appellee.

SMITH, J. On December 19, 1939, the application of Raymond Edward Hohenschutz, hereinafter referred to as the insured, for a benefit certificate, or insurance

policy, was approved by the Knights of Columbus, for the sum of $1,000, in which the wife of the insured was named as the beneficiary. On August 19, 1942, at the request of the insured, the beneficiary was changed to read, Charles Edward Hohenschutz, his son, and on November 27, 1942, the beneficiary was again changed to his son, and Bertha Crawford, a sister of the insured. After the death of the insured, which occurred January 10, 1943, this suit was filed June 9, 1943, by the beneficiaries last named, to recover the insurance. At the trial of this case a verdict was returned, and a judgment rendered in favor of the insurer, from which judgment is this appeal.

Through failure to pay premiums the insured was advised on February 20, 1941, that his certificate had lapsed, and application was made in March, 1941, for its reinstatement. At that time insured was a patient in the Arkansas Tuberculosis Sanatorium, where he had been admitted on June 30, 1940. He was discharged from that institution January 20, 1942, and was again received as a patient on November 24, 1942, and remained there as a patient until his death, during all of which time he was a consumptive.

The constitution and by-laws of the insurance order required as a condition upon which the insured could be reinstated, that he furnish a certificate to the effect that he was in sound physical condition, and in good health. This certificate, which was furnished, contained the following additional recital:

"I hereby warrant on behalf of myself and of any person who shall have any claim or interest on account of the benefit certificates issued to me, that all statements contained in this application are full, complete and true, and I agree that fraud, misstatement or misrepresentation in this certificate shall *ipso facto* work a forfeiture of any and all my rights under this reinstatement, and, if any concealment, fraudulent or untrue statement be made the insurance shall be null and void and I shall *ipso facto* forfeit all rights to membership in the Knights of Columbus, and my beneficiaries shall have no claim whatsoever."

This application for reinstatement was presented to, and filed with, the secretary of the local lodge of which the insured was a member, by the insured's wife, and she paid the arrearage in the assessment dues on the policy. The local secretary testified that in accepting this application he was unaware that the insured was at that time an invalid.

It is freely conceded that this certificate was untrue and that a fraud upon the insurer was thereby committed. After reinstatement the subsequent dues were irregularly paid, rarely on time when due, but there was no subsequent suspension. Most of these dues were paid by the local lodge, of which the insured was a member, but were all paid, and there was no delinquency at the time of the insured's death.

It is insisted that notwithstanding the fraudulent reinstatement of the insured, there should be a recovery for two reasons, first because the local secretary knew after the reinstatement that the insured was an inmate of the Sanatorium, and yet he received payment of the dues thereafter maturing. But if the insured had been properly reinstated it would have been unimportant that he subsequently ceased to be insurable. A second reason for the reversal of the judgment is that the insurer did not offer to return the dues which were collected after the attempted reinstatement within a reasonable time.

The complaint was filed June 9, 1943, and it was not until the answer was filed February 23, 1944, that any tender of a return of the assessment dues was made, a period of more than eight months. Accompanying this answer, there was a deposit in the registry of the court of the sum of $22.07, being the amount of dues paid subsequent to the reinstatement, subject to the order of the court.

The insurer asserts that it was not required to tender the return of these dues inasmuch as the application for the policy contains this statement, "That forfeiture of membership as set forth herein, or in the laws of the Knights of Columbus, shall include forfeiture of all

rights, claims, advantages connected therewith, including insurance, if any, and also all moneys paid by me to the Knights of Columbus or any council thereof.'' The constitution and by-laws of the order enact the same provision.

We think the case of *DeLoach* v. *Ozark Life Ins. Co.*, 148 Ark. 414, 230 S. W. 268, 14 A. L. R. 921, decides both these contentions adversely to appellants. There DeLoach made application for a policy of insurance on the life of his mother, in an association whose by-laws provided that only those persons of the Caucasian race, between the ages of 10 and 60 years, should be eligible to become members. Insured died and in the suit to collect the insurance it developed that the insured was over 60 years of age when the application for the insurance was made, but it was stipulated that DeLoach did not knowingly or willfully misrepresent his mother's age when the application was made. A judgment was rendered holding that the insurer was not liable on the policy, but was liable for the return of the premiums paid. Both parties appealed, but the judgment was affirmed in its entirety, it being held that the policy was void, although the misstatement of age was an innocent mistake. In holding there should be a return of the premiums, we said, ''The return of the premiums was properly ordered. There was no actual fraud here. There was a misstatement of the age of the person proposed for insurance, which induced the issuance of the certificate of insurance; but this was not willfully or fraudulently done.'' See, also, Joyce on Insurance, vol. 3, § 1429 a; § 456, Chapt. on Insurance, vol. 29, Am. Jur. 378. In the note to this section our DeLoach case, *supra*, is cited, with other cases to the same effect.

Here there was fraud, willfully committed, without which the policy would never have been reinstated. Because of this fraud the policy was void, and the judgment must, therefore, be affirmed, and it is so ordered.