(9 Misc. Rep. 257.)

### LEVELL v. ROYAL ARCANUM.

(Superior Court of New York City, Trial Term.  June, 1894.)

1. INSURANCE—BREACH OF WARRANTY.
   Where the truth of the facts stated in an application for life insurance, which is made part of the policy, is warranted by the applicant, a false statement as to applicant's business will avoid the policy though the nature of his business had nothing to do with his death.

2. SAME—ESTOPPEL.
   Knowledge, by a committee of a subordinate lodge of a benevolent association, that an applicant for life insurance had made a false statement in his application, will not charge the grand lodge with such knowledge, or estop it from setting up such statement as a defense to the policy.

Action by Rosina B. Levell against the Royal Arcanum on a policy of insurance. Judgment for defendant.

Miller & Miller, for plaintiff.
S. M. Lindsley, for defendant.

McADAM, J. The defendant, a benevolent corporation, introduced a temperance feature into its organization, and section 272 of its by-laws provides that "applications shall not be received from barkeepers," etc. In furtherance of this view, the applications for membership require the applicant to answer a series of questions, among which are the following: "Do you use alcoholic or other stimulants? Are you now, or have you ever been, engaged in the manufacture or sale of intoxicating liquors?" To both of these questions the applicant answered "No." In the application the applicant further declared: "I am temperate in my habits;" and "I do hereby warrant the truthfulness of the statements in this application, and consent and agree that any untrue or fraudulent statement made therein shall forfeit the rights of myself and my family or dependents to all benefits and privileges therein." In the application, which is dated December 27, 1891, the applicant describes his occupation as that of bookkeeper, and his place of business 386 West street, in the city of New York. The defendant claims that the answers to the above questions were false; hence, there was a breach of the warranty, and no recovery can be had. There was no proof given that the applicant did use alcoholic or other stimulants; but there was proof that for several years prior to December, 1891, he had been engaged as a bartender for McKeever Bros., at No. 386 West street, this city, the address given in the application as the applicant's place of business at the time the application was made. The applicant is presumed to have read the application and to have known its contents. Insurance Co. v. Fletcher, 117 U. S. 519, 6 Sup. Ct. 837. There was no proof that the applicant, at the time he made the application, was not a bookkeeper in a lumber yard, further than may be inferred from the fact that the place of business disclosed in the application was not a lumber yard, but that of his former employers, McKeever Bros., who were engaged in the liquor business.

Without considering or passing upon the other questions in the case, it is clear that there was a breach of the warranty in the answer given to the question, "Are you now, or have you ever been, engaged in the manufacture or sale of intoxicating liquors?" A warranty is a stipulation in writing, on the literal truth or fulfillment of which the validity of the entire contract depends. Alex. Ins. 51; May, Ins. (3d Ed.) § 156; Foley v. Royal Arcanum (Sup.) 28 N. Y. Supp. 952. The stipulation is considered to be on the face of the policy, although it may be written on a subjoined paper referred to in the policy. Ripley v. Insurance Co., 30 N. Y. 157. Whether the fact stated or the act stipulated for be material to the risk or not is of no consequence, the contract being that the matter is as represented, or shall be as promised; and unless it prove so, whether

from fraud, mistake, negligence, or other cause, not proceeding from, the insurer or the intervention of the law or the act of God, the insured can have no claim. May, Ins. (3d Ed.) § 156. In Dwight v. Insurance Co., 103 N. Y. 341, 8 N. E. 654, the court said:

"Where, by plain and unambiguous language, * * * the observance of an apparently immaterial requirement is made the condition of a valid contract, neither courts nor juries have the right to disregard it."

In that case the question in the application was as to the insured being or having been "engaged in or connected with the sale," etc., of intoxicating liquors. The answer was "No." In fact, he was proprietor of an hotel where such liquors were sold in bottles to guests in the house. The court of appeals held that the statement was false, and forfeited the policy. There Dwight was not exposed to the temptation of intemperance, as in this case Levell was, by his constantly pouring liquors, and being asked to take drinks, as barkeepers generally are. In the Dwight Case the court further said:

"In considering the language of an insurance contract, the words of a promise are to be regarded as those of the promisor, while those of a representation upon which the promise is founded are the words of the promisee, and, in either case, are to be taken most strongly against the party using them."

In Holland v. Supreme Council, 54 N. J. Law, 490, 25 Atl. 367, it appeared that the insured, in his statement to the medical examiner, represented that he was not engaged "in the sale of liquors," etc., yet in fact he had for several years been a bartender. Held, that the contract to pay was avoided by the false representation.

Plaintiff contends that, because a committee appointed by the defendant had reported to the local council that Levell was worthy of membership, defendant is estopped from availing itself of the falsity of answers to the medical examiner. If Levell deceived the committee, as he did the medical examiner, his beneficiary cannot profit by the deception. If the committee knew the facts, the defendant might still set up the breach of warranty. The committee consisted of but three members of the subordinate lodge, and, regarding these persons as agents of that special body, knowledge acquired by them cannot be imputed to and charged upon the grand lodge which issued the beneficiary certificate; for it has been held that knowledge of the agent of the company through whom the insurance was procured, at the time the application was made, that the answer was false, will not prevent the company from setting up the breach of warranty which goes to the basis of the contract as a defense to an action upon the policy. Clemans v. Supreme Assembly, 131 N. Y. 485, 30 N. E. 496; Barteau v. Insurance Co., 67 N. Y. 595; Ripley v. Insurance Co., 30 N. Y. 136; Jennings v. Insurance Co., 2 Denio, 75; Chase v. Insurance Co., 20 N. Y. 53; Foot v. Insurance Co., 61 N. Y. 571; McCollum v. Insurance Co., 55 Hun, 103, 8 N. Y. Supp. 249; Sullivan v. Insurance Co. (Com. Pl. N. Y.) 12 N. Y. Supp. 923; Cooke, Life Ins. 37; and see cases cited in 103 N. Y. 344. Upon this ground the defendant is entitled to judgment, with costs. Ordered accordingly.