## MODERN BROTHERHOOD OF AMERICA v. BESHARA.

### No. 3760. Opinion Filed August 18, 1914.

#### (142 Pac. 1014.)

1. **INSURANCE—Mutual Benefit Society—Provisions of By-Laws—Waiver.** Where the by-laws of a mutual fraternal benefit society provide, "No officer of this society, either of the Supreme or any subordinate lodge, shall have any power or authority, nor shall such officer be permitted, to waive any of the provisions of the by-laws of this society which relate to the contract between the member and the society, whether the same be now in force or hereafter enacted," and vests in the order itself or a board of directors exclusive power and authority of changing, modifying, or amending its by-laws, then a local agent has no authority to waive the provisions thereof.

2. **SAME—Notice to Member.** Where, under the terms of a beneficiary certificate, the by-laws of the brotherhood are expressly made a part of the contract between the brotherhood and the member to whom the beneficiary certificate is issued, such member is charged with knowledge of the provisions of such by-laws and is bound by the terms thereof.

3. **SAME—Suspension of Member.** Where the by-laws of such order provide that the failure of any member to pay all dues and assessments upon a certain date shall operate to suspend such member from the benefits of such society until reinstated upon a certificate of good health, the nonpayment of such dues and assessments operates **ipso facto** to suspend such member until reinstated as provided in the by-laws.

4. **TRIAL—Direction of Verdict—Conflicting Evidence.** Where there is a controverted issue of fact and conflicting testimony in reference to the fact as to whether a member is in good health when reinstated, it is error for the court to take such issue from the jury and direct a verdict.

(Syllabus by Harrison, C.)

*Error from Superior Court, Muskogee County;*
*Farrar L. McCain, Judge.*

Action by Schickery Beshara against the Modern Brotherhood of America. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*N. B. Maxey,* for plaintiff in error.

*O'Hare & Davidson,* for defendant in error.

Opinion by HARRISON, C.   This action was on a beneficiary certificate for $2,000 issued to Rilla May Beshara, wife of plaintiff, on the 5th day of April, 1910.   The insured died December 13, 1910.   Upon the refusal of the brotherhood to pay said certificate, this suit was brought April 20, 1911.   The cause was tried in November, 1911, and judgment upon a directed verdict rendered in favor of plaintiff for the full sum of the certificate, and from such judgment defendant appeals.

Two material propositions presented are decisive of the case: First, whether or not under the by-laws the local secretary of the local lodge could waive the conditions of the by-laws of the order requiring dues, fines, assessments, etc., to be paid on a certain day of each month in order to keep the certificate alive; second, whether the court erred ·in directing a verdict on the issue of fact as to whether deceased was in good health at the time of her reinstatement, September 8, 1910, she having been suspended for nonpayment of dues for the month of August and having been reinstated in the month of September upon the representations that she was in good health at the time.   There was some strong proof offered by the brotherhood that she was not in good health at the time of her reinstatement, but was in a weakened, failing condition, and died soon thereafter of quick consumption; while, on the other hand, the plaintiff offered testimony tending to show that she was in good health at the time. Yet, notwithstanding these controverted issues of fact and the conflict in testimony in reference thereto, the court took the case from the jury, and directed a verdict in favor of plaintiff.   This action of the court was doubtless prompted by the view that the secretary of the local lodge had authority to waive the conditions of· the by-laws as to the time of payment and to bind the brotherhood by such waiver, and that by waiving such provision and accepting dues the member was not in fact suspended, and that therefore the condition of her health was immaterial. Under the weight of authority, however, the court was in error in this view of the law, for, though it be contended that the acts of waiver were not chargeable alone to the local secretary, but

were chargeable to the lodge itself by reason of the acceptance of such dues, paid after time, by the supreme secretary, as the general rule, that officers and agents of an insurance company who have power to bind the company by their acts, and that certain acts, on the part of such officer or agent, constitute a waiver on the part of the company as to the provisions of the policy, is not applicable to the case at bar. There is a marked distinction between the power of a local agent to waive the conditions of a policy and his power to waive the specific provisions of the by-laws. Section 135 of the by-laws specifically provides:

"No officer of this society, either of the supreme or any subordinate lodge, shall have any power or authority, nor shall such officer be permitted, to waive any of the provisions of the by-laws of this society which relate to the contract between the member and the society, whether the same be now in force or hereafter enacted."

This section of the by-laws, together with the entire code, was made a part of the contract between the brotherhood and the deceased at the time the beneficiary certificate was issued. Section 1 of the certificate in question provides:

"This certificate, the articles of incorporation, by-laws, rules and regulations of this society, now in force, or which may hereafter be enacted or adopted, whether such subsequently enacted or adopted by-laws, rules and regulations specifically so provide or not, and the application for membership including the physician's report, a copy of which application and report is hereto attached, shall together constitute the exclusive contract between this society, the member and the beneficiary."

Hence, under the by-laws of the order and the contract of which such by-laws are mutually and specifically made a part, neither the member nor the beneficiary should be allowed to justify his dereliction in duty to the brotherhood, nor his delinquency in payment of dues as required under the contract because some local officer who had no authority to do so and was expressly prohibited from so doing, had violated his duties in such regard; for it must be observed that the order in question, plaintiff in error here, is a brotherhood, organized for the purpose of extending to its members and requiring that its members extend to it

that degree of watch, care and fraternal feeling and mutual assistance which the term "brotherhood" implies. The attainment of its objects and the accomplishment of its purposes depend entirely upon the good faith of the brotherhood toward its members, and of the members toward the brotherhood; and good faith is not shown by breaching the express terms of the contract or by violating the specific provisions of the by-laws which are made a part of such contract.

The general rule that a member of a fraternal benefit society is charged with knowledge of its by-laws, rules, and regulations and is bound by the provisions thereof is well settled in the courts of this country. *Bauer v. Samson Lodge,* 102 Ind. 262, 1 N. E. 571; *Osceola Tribe v. Schmidt,* 57 Md. 98; *Harvey v. Grand Lodge,* 50 Mo. App. 472; *Home Forum Ben. Order v. Jones,* 5 Okla. 598, 50 Pac. 165; Morawetz on Corp. sec. 500a; Ang. & Ames on Corp. sec. 359; *Pfister v. Gerwig,* 122 Ind. 567, 23 N. E. 1041; *People v. Fire Dept.,* 31 Mich. 458; *M. W. A. v. Tevis,* 117 Fed. 369, 54 C. C. A. 293. The foregoing decisions are sufficient to show the weight of authority on this question.

On the question as to whether a local clerk or secretary has power to waive the express provisions of the by-laws of a fraternal order and to bind the order by such acts of waiver, Judge Sanburn, in *Modern Woodmen of America v. Tevis, supra,* said:

"Tested by this decision, the clerk of the local camp to which the member Tevis belonged was the agent of the head camp or of the Modern Woodmen of America, to collect, receive, and remit the benefit assessments to it. But he was its agent to collect, receive, and remit them at the time and in the manner prescribed for their payment by the by-laws, and at no other times and under no other conditions.    *   *   * "

The following authorities are not only in line with this doctrine, but show that this view of the law is entertained by the weight of authority: *Miller v. Hillsborough F. Ass'n,* 42 N. J. Eq. 459, 7 Atl. 895; *Swett v. Citizens' Mut. R. Soc.,* 78 Me. 541, 7 Atl. 394; *McCoy v. Roman Catholic, etc., Ins. Co.,* 152 Mass. 272, 25 N. E. 289; *Eaton v. Supreme Lodge, etc.,* 29 N. E. 1123, note, Fed. Cas. No. 4,259a; *Grand Lodge A. O. U. W. v. Jesse,*

50 Ill. App. 101; *Lyon v. Supreme Assembly,* 153 Mass. 83, 26 N. E. 236; *Levell v. Royal Arcanum,* 9 Misc. Rep. 257, 30 N. Y. Supp. 205; *Harvey v. Grand Lodge A. O. U. W.,* 50 Mo. App. 472.

In *Harvey v. Grand Lodge, supra,* the court said:

"An officer of any such association cannot waive the requirements of its laws which are essential elements of the contract, because he is a special agent, and his authority is known to the members dealing with him. The rule, we think, fairly deducible from all the authorities, is that he has no authority to waive any of its laws which relate to the substance of a contract between an individual member and his associates in their associate capacities. * * * "

Hence we must hold that the member in the case at bar was charged with knowledge of the provisions of her contract with the brotherhood and with the provisions of the by-laws which were by such contract made·a part thereof. Also, that the clerk or secretary, of the local lodge had no authority to bind the order by his acts in the face of the express inhibition of section 135, *supra,* of the by-laws. These propositions being true, it follows that the member was charged with knowledge of, and bound by the provisions of the by-laws which provide that upon failure to pay the dues and assessments on or before the date mentioned in the by-laws the member is suspended from all benefits, fraternal or financial, of the order, and that in order to again receive the benefits of such brotherhood the member must be reinstated, which reinstatement is allowable only upon the member's being in good health at the time.

Section 139 of the by-laws provides:

"Each and every benefit member so notified through the official paper that an assessment has been ordered or levied by the board of directors, in manner and form hereinbefore provided, failing to pay the same, together with his per capita tax and reserve fund payments mentioned in section 124 hereof, including local lodge dues, if any are due, on or before the last day of the month in which said notice is dated, and assessment is payable, or who shall fail to pay, with the benefit assessment next thereafter levied, any fine, legally imposed upon him, shall stand sus-

pended, and during such suspension his benefit certificate shall be absolutely null and void.''

Under the authority of *M. W. A. v. Tevis, supra,* and the provisions of section 139 of the by-laws, *supra,* the nonpayment of dues and assessments upon the date mentioned therein operates *ipso facto* to suspend a member from the benefits of the society until reinstated, and a member could be reinstated only upon condition that he was in good health at the time. Hence the issue of fact as to whether the member was in good health at the time she was reinstated, being a controverted issue, and there being conflicting testimony in reference thereto, should have been submitted to the jury for consideration.

For these reasons, the judgment is reversed, and the cause remanded.

By the Court: It is so ordered.