## TINKER v. MODERN BROTHERHOOD OF AMERICA.

(District Court, N. D. Oklahoma. June 23, 1926.)

No. 159.

1. **Insurance** ⚖➝756(1)—**Under by-laws and certificate of mutual benefit society, voluntary failure to pay per capita tax and dues ipso facto suspended member and terminated liability on certificate, statute requiring trial before suspension or expulsion not being applicable (Laws Okl. 1923, c. 94, § 1).**

Where by-laws of mutual benefit society and certificate issued thereunder provided that failure to pay per capita tax and dues without notice would cause membership to terminate and benefit certificate to become void without notice or action by society, *held* that voluntary failure to pay tax and dues ipso facto suspended member and terminated liability on certificate, and Laws Okl. 1923, c. 94, § 1, prohibiting expulsion or suspension without trial, did not apply.

2. **Statutes** ⚖➝181(2), 184.

Statutes should be construed with reference to object to be accomplished and have reasonable and sensible construction.

3. **Statutes** ⚖➝184.

Where meaning of statute is doubtful, and is susceptible of two constructions, court must consider reasons which induced its enactment and mischiefs intended to be remedied.

4. **Statutes** ⚖➝239.

Statutes restraining freedom of contracts are strictly construed.

At Law. Action by Genia Tinker against the Modern Brotherhood of America. Judgment for defendant.

Shipman & Lewis, of Bartlesville, Okl., for plaintiff.

Rowland & Talbott, of Bartlesville, Okl., and Busby, Sparrow & Patterson, of Kansas City, Mo., for defendant.

KENNAMER, District Judge. This is an action by the plaintiff to recover $4,000 on a benefit certificate, No. 372947, issued to William H. Tinker, in which Genia Tinker was named beneficiary. The material facts necessary to be considered may be summarized as follows:

The Modern Brotherhood of America is a fraternal beneficiary society organized and incorporated under the laws of the state of Iowa. In compliance with sections 6774 to 6799, inclusive, Compiled Statutes of Oklahoma 1921, said society was transacting business in the state of Oklahoma, and by section 6774 it and all other fraternal beneficiary societies or associations are exempted from the provisions of the general insurance laws of the state. The defendant society had organized local lodges within the state of Oklahoma, one of which was located at Bartlesville, with J. L. Chastain as president and Amanda Campbell as secretary. William H. Tinker on April 29, 1924, made written application for membership in the defendant society and for issuance to him of a 20-year payment death and old age benefit certificate, and after medical examination by Dr. M. E. Ray, of Bartlesville, his application was forwarded to the defendant's home office at Mason City, Iowa. Subsequently his application was approved by the medical director, and on June 2, 1924, there was issued to William H. Tinker a benefit certificate and delivered to him June 9, 1924. The terms of the certificate were accepted by the insured in writing across the face of the certificate. The written application, which was made a part of the certificate, provided:

"I further agree, as soon as adopted or initiated, and in each calendar month thereafter, without notice, to pay to the secretary of the subordinate lodge of which I am then a member the monthly combined contribution and per capita tax required or authorized by the by-laws of said society now in force or that may be hereafter enacted, and if I fail to pay the same or any part thereof when due, or if any answer or statement made in this application, or in any application for restoration or reinstatement to membership is not literally true, or if I fail to comply with or conform to all the laws, rules, and regulations of said society, whether now in force or thereafter adopted, or if I am suspended or ex-

pelled from said society, then any benefit certificate issued on this application, or any benefit certificate issued in lieu or ·renewal thereof, shall thereupon become void, and all money paid thereon and all rights of myself and my beneficiary to any and all benefits to be derived from my membership in said society shall thereupon and thereby become forfeited."

The benefit certificate contained this provision:

"Payment of Contribution.—Should said member fail to pay to the secretary of the lodge to which he belongs during each calendar month without notice the monthly contribution, per capita tax, or dues, or any other amount required by the terms of this certificate, or by the by-laws of the society, * * * said membership in this society shall thereupon cease without notice or action by the society, and this benefit certificate shall thereupon become null and void."

The certificate contained this further provision:

"The Contract.—This certificate, the application therefor, medical examination, articles of incorporation, the by-laws of the society, as they now exist or as hereinafter enacted, amended, modified, or changed, including those subsequently enacted by-laws, which determine the financial liability of the member to the society, and of the society to the member and his beneficiary, as well as those which relate to the conduct of the member, shall together constitute the exclusive contract between this society, the member, and the beneficiary."

Under provisions of the by-laws each member subsequent to September 30, 1911, was required to pay a monthly per capita tax in the sum of 15 cents for $1,000 or less of his benefit certificate and local lodge dues. Section 143 of the society's by-laws in substance provided that any member who had become suspended by reason of nonpayment of dues may be reinstated by the payment within 60 days from the date of suspension all arrearages of every kind, including all assessments, provided, however, that such member be in good health at the time of such reinstatement. It appears, from the agreed statement of facts and evidence introduced in this case, the insured, Tinker, paid for the calendar months of June, July, August, and September, 1924, his per capita tax and local lodge dues, but failed to pay any per capita tax or dues for the months of October and November, 1924.

William H. Tinker died of pneumonia on December 30, 1924, and about two hours prior to his death his wife, Genia Tinker, called on Amanda Campbell, the secretary of the local lodge at Bartlesville, and delivered a check to her for the amount of the monthly payments due on the benefit certificate and per capita tax of her husband, William H. Tinker. Mrs. Tinker was living separate and apart from her husband at this time, and the evidence discloses that Mrs. Campbell knew nothing about the condition of Mr. Tinker's health, and Mrs. Tinker testified that she had no information as to the condition of his health. Mrs. Campbell accepted the check and gave plaintiff a receipt for the amount thereof, and later in the day Mrs. Campbell learned of the death of William H. Tinker, and on learning of his death she notified the Supreme Secretary of the society at its home office, Mason City, Iowa, of what had happened, and asked for instructions as to what to do with the check received from the plaintiff in this action. She was notified to return the check to the plaintiff, and after receiving the instructions she notified the plaintiff she held the check subject to her orders. Plaintiff never called for the check, but instituted this action to recover the amount of the benefit certificate. It is admitted that the check was delivered to Mrs. Campbell without the knowledge of the insured, William H. Tinker, and two hours before his death.

[1] The plaintiff's contention, as urged by counsel in the oral argument and brief filed, is that the defendant's by-laws and provisions of the benefit certificate in conflict with section 1 of chapter 94 of the Laws of Oklahoma of 1923, are invalid and inoperative. The pertinent section of the act, supra, provides:

"No member of such society or association in this state shall be suspended or expelled from the fraternal or insurance benefits, or any other benefits, of such society or association unless they are duly and properly charged with violating the laws, rules and regulations of the society or association to which they belong, are tried, and, after a fair and impartial hearing, are found guilty by the subordinate lodge, camp, grove or other subordinate body to which they belong: Provided that if a member is acquitted, he cannot be retried by superior officers or a superior body, unless the said Insurance Commissioner is satisfied that an appeal should be allowed from such acquittal. * * * * "

It is argued that William H. Tinker was never charged, tried, and suspended in accordance with the provisions of the above statute, and therefore his benefit certificate remained in force on the date of his death. This contention is untenable. There seems to be no contention made that the attempted

payment of his dues by his wife was in compliance with the by-laws and provisions of his benefit certificate heretofore set out; that is, he was not in good health on the date of the attempted payment of his dues. The question of his being suspended or expelled from the fraternal or insurance benefits by the society does not appear to be involved in the case, as counsel for the plaintiff assumes. It required no act on the part of the society to terminate Tinker's relations to it, or his contract of insurance, as he had the right of terminating his contractual relations and obligations to the society by the mere nonpayment of his dues.

[2, 3] A careful consideration of the statute, supra, evidences an intention to provide a course of procedure for such societies in any attempt to discipline its members for conduct violative of the best interests of the society; but it does not appear from the provisions of the act that it was intended to attempt to prevent a member of the society from voluntarily terminating his relation to it. A statute should be construed with reference to the object to be accomplished. United States v. Musgrave (D. C.) 160 F. 700; St. Louis, etc., Ry. Co. v. Delk, 158 F. 931, 86 C. C. A. 95, 14 Ann. Cas. 233. Where a statute is of doubtful meaning, and susceptible upon its face of two constructions, the court must consider the reasons which induced the act in question, the mischiefs intended to be remedied. Hamilton v. Rathbone, 175 U. S. 414, 419, 20 S. Ct. 155, 44 L. Ed. 221. Every statute should have a reasonable and sensible construction in preference to one which renders it, or a substantial part of it, useless or deleterious. Harris et al. v. Bell et al., 250 F. 209, 162 C. C. A. 345.

[4] It is a well-established rule of statutory construction that statutes that restrain the freedom of contracts are to be strictly construed. Com. v. Beck, 187 Mass. 15, 72 N. E. 367; In re Jacobs, 98 N. Y. 98, 50 Am. Rep. 636. The construction of the statute, supra, contended for by the plaintiff, appears to be an unreasonable one, and would abrogate the right of the contracting parties to terminate voluntarily the contractual relation existing between them by reason of the issuance of the benefit certificate. In the case of Modern Brotherhood of America v. Beshara, 42 Okl. 684, 142 P. 1014, the court held: "The nonpayment of dues and assessments upon the date mentioned therein operates ipso facto to suspend a member from the benefits of the society until reinstated, and a member could be reinstated only upon condition that he was in good health at the time." In support of this rule many authorities are cited.

I am clearly of the opinion, under the admitted facts in this case, the plaintiff's cause of action must fail. Therefore judgment will be entered in favor of the defendant.