## AMERICAN INSURANCE UNION v. COWARD.

No. 18799. Opinion Filed Dec. 24, 1928.

L. A. Pelley, for plaintiff in error.

C. H. Madden, for defendant in error.

FOSTER, C. The parties in this action will be referred to as they appeared in the trial court.

The plaintiff, Wm. W. Coward, commenced this action against the defendant on a fraternal benefit certificate in the sum of $1,000, issued by the defendant to Annie V. Coward, wife of the plaintiff, who died January 21, 1926. The certificate contained a provision that, upon application of the assured and proof of total disability, and upon surrender of the policy, the assured would receive one-half the face of the policy.

Annie V. Coward originally held a certificate in the Fraternal Insurance Association, and during the spring of 1925 she made application for total disability benefit, which was refused. Later, the certificate was transferred to and reissued by the defendant. and on December 19, 1925, she again made application. which was approved by the defendant company at its national headquarters in Cleveland. Ohio. on December 31, 1925. and a check in the sum of $500, payable to the assured, was mailed to the First National Bank of Hollis on January 8th, with a letter instructing the bank to deliver the check upon Mrs. Coward's surrender and cancellation of the policy.

At the time the check was received by the bank, Mrs. Coward's physical condition was such that she was unable to come to the bank and surrender and deliver the policy, and the policy was never surrendered, nor the money delivered, and after her death the

plaintiff refused to accept the same, and brings this action.

It also appears that the dues for the month of January, 1926, were paid by Mrs. Coward to Mr. Zimmerman, a local representative of the company, and accepted by him; but at the time of the acceptance he did not know that the company had approved the application of Mrs. Coward for benefit under the total and permanent disability clause. The cause was tried to a jury, but at the conclusion of the testimony, the court instructed a verdict in favor of the plaintiff for the full amount, from which this appeal is taken.

Several assignments of error are presented by the brief of defendant, but we believe the principal question involved is whether or not, under the circumstances as above set out, the company's liability was fixed at the sum of $500, when they approved the application of Mrs. Coward for benefits under the permanent and total disability clause.

It seems to be well settled in this state that a member of a fraternal benefit society is charged with the knowledge of its by-laws and constitution, and is bound by the provisions thereof, as well as by the provisions of the benefit certificate itself. Home Forum Benefit Order v. Jones, 5 Okla. 598, 50 Pac. 165; Modern Brotherhood of America v. Beshara, 42 Okla. 684, 142 Pac. 1014; Barnett v. Merchants L. Ins. Co., 87 Okla. 42, 208, Pac. 271.

Where a condition or clause in an insurance policy is open to two constructions, one of which is favorable to the insured and the other unfavorable, the clause or condition favoring the insured will be adopted. Woodmen of the World v. Gilliland, 11 Okla. 384, 67 Pac. 485; Barnett v. Merchants L. Ins. Co., supra; Sovereign Camp, W. O. W., v. O'Neil, 86 Okla. 16, 205 Pac. 755.

Recognizing both of the principles as above set out, we are of the opinion that, under the circumstances in this case, there was not such a compliance with the conditions of the disability clause so as to relieve the company from payment of the full amount of the policy at the death of the assured.

The policy upon its face provided as follows:

"If said member becomes totally and permanently disabled, * * * the American Insurance Union will pay said member within 60 days after approval of satisfactory written proofs of said total and permanent disability, and the cancellation and surrender of its policy, one-half the amount payable thereunder had death then occurred."

The constitution and by-laws of the American Insurance Union provides, among other things, as follows:

"Upon receipt at the home office of satisfactory proof of claim by a member for total and permanent disability benefit and approval thereof, the mortuary liability on the certificate ceases, and thereafter the society will be liable for only such amount as is due the member upon the claim for total and permanent disability."

Under the above provisions of the constitution, it is contended by the defendant that upon the approval by the defendant of the application for benefits under the permanent disability provision of the policy, its liability then was established in the sum of $500.

However, the provision of the policy was to the effect that the said policy must be canceled and surrendered, and the company, in pursuance thereof, sent a letter to the First National Bank, enclosing the check for $500, making as a condition of its delivery the surrender and cancellation of the policy. We believe this was a condition placed upon the acceptance by the company, and, construing the provisions together, we believe that the final approval of the application was not had until the insured surrendered up the policy and canceled the same, and received the $500 in payment thereof. This not having been done at date of the insured's death, the original policy was in force and effect.

It appears from an examination of the record that the trial court instructed a verdict in favor of the plaintiff, on the theory that the defendant had received the dues for the month of January, and thereby waived its right to stand upon its acceptance of the application, which was approved by the company on December 31st. But we do not deem it necessary to determine this question, as we believe the judgment of the court is correct, regardless of whether or not the acceptance of the dues constituted a waiver.

The judgment of the trial court is therefore affirmed.

TEEHEE, LEACH, REID, and JEFFREY, Commissioners, concur.

By the Court: It is so ordered.