## HOME AID ASSOCIATION v. AKERS.

No. 25047.   Feb. 25, 1936.

Rehearing Denied March 24, 1936.

Second Petition for Rehearing Denied April 21, 1936.

Bond, Hatcher & Bond, for plaintiff in error.

Nowlin, Conner & Conner, for defendant in error.

GIBSON, J.   Defendant in error will be referred to herein as plaintiff, and the plaintiff in error as defendant.

Defendant is a mutual benefit association organized under the provisons of chapter 32, S. L. 1925, as amended by chapter 51, S. L. 1931 (sections 10620 to 10636, O. S. 1931), and the plaintiff is the beneficiary named in a certificate of membership issued by defendant to Tom Akers on the 25th day of February, 1932. The certificate is as follows:

"Age 54      Incorporated Under the Laws of Oklahoma
"No. 108-D
"Home Aid Association (Group Two)
"Chickasha, Oklahoma.
"This Certificate of Membership
"Witnesseth. That in consideration of the

statements and warranties contained in the application for this Certificate, which are made a part hereof, the payment of the required membership fee, and the agreement by the member to pay all future dues and assessments required to maintain this Certificate in force, the Home Aid Association, a mutual assessment association, does issue this Membership Certificate and constitute Tom Akers a member of said Association with all the rights, privileges and benefits of the same subject to the provisions and conditions of the By-laws, together with all changes and amendments thereto that may be enacted in the future, which constitutes a part of this contract in the same manner and extent as if printed in the body of this Certificate.

"The Association agrees that upon due notice, and satisfactory proof of death of the aforesaid member as provided, if this Certificate is then in full force and effect, within ninety days from acceptance and approval of proof of death, to pay Virginia Akers, beneficiary, or in the event of his or her prior death then to the person or persons legally entitled to the benefits hereunder, the sum of Two Dollars for each membership certificate responding to the call or number in this Group of this Association at the time of said death, which sum constitutes the face value of this Certificate, said sum in no case to exceed one thousand dollars plus all of the unused portion of the reserve fund to the credit of this Certificate and all of the advance to the credit of this Certificate.

#### "Assessments.

"There shall be paid to the Association, or its duly authorized agent and then only in exchange for a receipt therefor signed by the President or Secretary and countersigned by such authorized agent, in advance, on the first day of each calendar month, without further notice, or as often as may be required, the sum of Two Dollars and Ten Cents, which are required to maintain this membership Certificate in force; provided, such dues and assessments may be paid any time within fifteen days from due date during which time this Membership Certificate shall remain in full force and effect; provided, further, that should death or loss occur during the said fifteen days of grace the Association shall have the right to deduct all due assessments from the amount of settlement to be made, should the aforesaid member fail to pay any assessment when due, or within the said fifteen days, as provided, this Membership Certificate shall thereupon lapse and become of no value and all membership fees, dues and assessments, which have been paid hereon, will be forfeited to the Association.

"Given under the seal of the Association at Chickasha, Oklahoma, this the 25th day of February, A. D. 1932.

"J. C. C. Gunn,<br>President.

"Attest:

"C. H. Hall,
"Secretary.           (Seal)"

Akers paid the designated dues, or assessments, for six months in advance and, during that period, died.

Plaintiff seeks to recover the sum of $1,-000, which she alleges represents the "face amount" of the certificate as defined in section 10624, supra, relating to level rate associations. Said section, so far as applicable, is as follows:

"Mutual benefit associations authorized to do business in this state, may provide for a level or stipulated weekly, monthly, quarterly, semiannual or annual assessment, and the following provisions are made specially applicable thereto:

"(a) Level rate assessment associations, companies or corporations are defined as those corporations granting insurance benefits on the assessment plan and which collect from their membership a level, stipulated monthly, quarterly, and semiannual or annual assessment or premium, which assessment or premium is not made contingent upon the happening of a certain event but is based upon stated periodical rates or charges estimated by the board of directors to be sufficient for the payment of all claims and expenses.

"(b) Such associations shall specify in their policy or membership certificate forms the sum of money they promise to pay, which sum shall not be less than the face amount of the policy, and the number of days after satisfactory proof is filed when such payment will be made. * * *"

Defendant denies being a level rate association as so defined. It alleges its organization under sections 10620 to 10636, O. S. 1931, but states that it operates under the provisions of its charter and by-laws by the authority of paragraph (i), sec. 4, chapter 32, S. L. 1925, same being paragraph (i), sec. 10623, O. S. 1931. Said paragraph is as follows:

"(i) In case the membership of any such association is divided into circles, classes or groups, upon the membership of which assessments are made to cover benefits or to replenish the mortuary or benefit fund, no benefit assessment shall be made upon any other circle, class or group to which the insured member does or did not belong to cover such benefit paid or to be paid.

"Provided, that no circle, class or group

shall be established unless a sufficient number of members be placed therein and a regular benefit assessment collected therefrom will produce an amount sufficient to pay in full the face amount of the policy issued for which the assessment was levied, and each and every circle, class or group shall be maintained up to the number placed therein when such circle, class or group was established; provided, that not more than one circle, class or group shall remain incomplete."

Defendant, answering further, alleges the application for membership, the by-laws of the association, and the certificate constitute the contract between Tom Akers and defendant, and that said Akers, in his application, had made certain warranties as to his state of health known by him to be untrue and upon which the policy, or certificate, was issued. It is further alleged that Akers' certificate placed him in "group two" of the defendant association and provides in event of death of Akers to pay the beneficiary the sum of $2 for each membership certificate responding to call or number in said group at the time of the assured's death; that the sum so received constituted the face value of the certificate, which sum should, in no event, exceed $1,000.

The trial resulted in verdict and judgment of $1,000, with interest, for plaintiff. and defendant has appealed. Errors assigned consist of certain instructions given and certain requested instructions refused, failure of the court to render judgment for plaintiff for $2 for each member of Akers' group, and error in rendering judgment not in conformity with the verdict of the jury.

The errors complained of are presented under three propositions. The first is as follows:

"That the contract of insurance between the insured and the defendant company consists of the certificate of membership, the application and the by-laws and that all must be construed together as if they were one instrument in construing the contract; that the court erred in giving instruction No. 5."

The court's instruction No. 5 is as follows:

"You are further instructed that under the evidence in this case, the defendant is a mutual benefit association authorized to do business in this state and that it is what is known and designated as a level rate assessment association required under the law to specify in their policy or membership certificate the sum of money they promise to pay, which sum shall not be less than the face amount of the policy, and you are in-structed that if the plaintiff is entitled to recover in this case, she is entitled to recover the sum of $1,000, together with interest thereon from the 28th day of August, 1932, at the rate of 6 per cent. per annum."

In opposition to the given instruction, the defendant requested certain other instructions placing a different construction upon the insurance contract. The court's refusal thereof is assigned as error and presented under defendant's second proposition. The substance of the requested instructions is that the insurance contract consisted of the certificate of insurance, the application therefor, and the by-laws of the association; that the defendant was not a level rate assessment association, and that if plaintiff was to recover, recovery could be no more than the sum of $2 for each member of Akers' circle responding to call, which amounted to 39 members in all, or the sum of $78.

The membership certificate, the application therefor, and the by-laws of the association constitute the insurance contract between a mutual benefit association and one of its members, and the member is charged with knowledge of such by-laws and he and his beneficiary are bound by the provisions thereof. Home Forum Benefit Order v. Lizzie Jones, 5 Okla. 598, 50 P. 165; Modern Brotherhood of America v. Bashara, 42 Okla. 684, 142 P. 1014; Barnett v. Merchants' L. Ins. Co., 87 Okla. 42, 208 P. 271; American Ins. Union v. Coward, 134 Okla. 303, 272 P. 1023. The statute in force under which such certificate is issued also constitutes a part of the insurance contract as fully and to the same extent as though written in the body of the contract. Union Mutual Ins. Co. v. Huntsberry, 57 Okla. 89, 156 P. 327; DeNoya v. Fidelity Phoenix Ins. Co., 110 Okla. 235, 237 P. 125.

Under section 10624, supra, if mutual benefit associations issue their membership certificates upon a level assessment rate, they must "specify in their policy or membership certificate forms the sum of money they promise to pay, which sum shall not be less than the face amount of the policy. * * *" If the certificate in the present case was issued for a "level stipulated monthly, quarterly, semiannual or annual assessment," then the contract between Akers and defendant association could be nothing other than a "level assessment" policy or certificate, and the same embodies section 10624, supra, as fully and to the same extent as though the provisions of said section had been written in said policy or certificate.

The certificate provides:

"There shall be paid to the association * * * in advance, on the first day of each calendar month, without further notice, or as often as may be required, the sum of two dollars and ten cents, which are required to maintain this membership certificate in force. * * *"

Plaintiff says this provision amounts to a level, stipulated monthly assessment or premium not made contingent upon the happening of any certain event, but is based upon stated periodical rates or charges, and therefore places the defendant association squarely within the definition of level rate assessment associations as provided in section 10624, supra. The documents constituting the insurance contract must furnish the correct answer to this contention.

Looking to the by-laws of the association, we find that the board is authorized to make "additional or increased assessments" in event "either the mortuary or reserve funds of the association are insufficient to enable it to pay benefits which will probably accrue during the succeeding biennial period." This provision of the by-laws is specifically authorized by section 10623, supra, paragraph (b). A level assessment association is authorized to assess its members a stipulated periodical rate such as may be estimated by the directors to be sufficient for the payment of all claims and expenses (sec. 10624 (a), supra). Unless deceased's contract with defendant subjected him to the payment of assessments "made contingent upon the happening of a certain event" in addition to the monthly stipulated assessment, the defendant must be held to be a level rate assessment association.

All assessment or mutual benefit associations in this state exist by reason of, and are organized pursuant to, sections 10620, to 10628, O. S. 1931. Whether an association is a level rate or nonlevel rate association depends upon the character of the rates assessed the members. Either class of association may charge its members regular dues and, in addition thereto, may levy assessments against such members for the purpose of paying benefits and other expenses (sec. 10622). If any such association assess its members a stipulated periodical sum for dues or assessments, or both, and fail to make provisions for assessments to be made contingent upon the happening of a certain event, it then subjects itself to the provisions of section 10624, supra, and becomes a level assessment association as between itself and its members. The character of the assessment determines the character of the association.

The certificate in the present case refers to the monthly payment therein named as "such dues and assessments." Akers did agree, however, to be subjected to "additional or increased assessments." If at any time the rate paid by the members proved insufficient to pay benefits accruing to members of the circle, the directors were authorized to levy additional assessments at any time. By this provision the insured had subjected himself to the payment of assessments not "based upon stated periodical rates or charges, but to payments made contingent upon the happening of a certain event," namely, the need of funds to pay benefits. The contract of insurance thus clearly distinguishes the defendant from that class of associations described as level rate associations in section 10624, supra. The trial court therefore erred in holding otherwise.

The face amount of the policy, according to its plain provisions, was "the sum of two dollars for each membership certificate responding to the call or number in this group of this association at the time of said death." That represents the amount the defendant agreed to pay the beneficiary upon the death of the assured. There appears no ambiguity in this provision, and the assured and his beneficiary were bound thereby. While the amount to be paid is left uncertain, it is easily ascertainable upon proper proof. The court's instruction limiting the minimum recovery to $1,000 was therefore error.

Defendant complains of the court's refusal to give requested instruction No. 12. The requested instruction is as follows:

"You are further instructed that the certificate issued in this case to Tom M. Akers was issued without medical examination and is based upon the statements and answers given by applicant in his application for insurance."

Section 10631, O. S. 1931, permits mutual benefit associations to issue membership certificates without medical examination of the applicant in event his family physician certify that he believes the applicant to be a good, insurable risk. In such case the statements made by applicant in his application become warranties and are "used as the basis and consideration upon which said benefit certificate is issued." (Sec. 10631.)

The requested instruction states a correct abstract principle of law upon which the defense to the action is based. De-

fendant says that nowhere did the court advise the jury that the certificate was issued upon the warranties contained in the application. This proposition was amply covered by the court's instructions wherein the jury was advised that the application constituted a part of the insurance contract, and that the applicant is bound to make true and honest statements in answer to the question contained therein, and if applicant fails so to do, but makes false representations of material facts which are relied upon by defendant and defendant is thereby misled, such statements constitute a proper defense against recovery on the certificate or policy. This fulfills the court's duty to present defendant's theory of the case to the jury. An examination of the instructions as a whole reveals no conflict between the different paragraphs thereof tending in any manner to confuse or mislead the jury. If the different instructions, taken together and considered as a whole, fairly present the law of the case, and there is no conflict between the different paragraphs thereof, this will be sufficient. Chickasaw Compress Co. v. Bow, 47 Okla. 576, 149 P. 1166.

We find no error in the court's refusal to give the requested instruction.

In view of the foregoing, we hold that the judgment of the trial court should be reversed and the cause remanded, with directions to grant defendant a new trial It is so ordered.

McNEILL, C. J., OSBORN, V. C. J., and RILEY and PHELPS, JJ., concur.