## HOLFORD v. NATIONAL AID LIFE ASS'N.

No. 26466.   May 26, 1936.

Rehearing Denied June 16, 1936.

A. B. Couch, Don Welch, and Hume & Raymond, for plaintiff in error.

Snyder & Lybrand, for defendant in error.

CORN, J. The parties appear herein in the same relative position that they appeared in the court below, and will be herein referred to as plaintiff and defendant.

Defendant is a mutual benefit association organized under the provisions of chapter 32, S. L. 1925, as amended by chapter 51, S. L. 1931 (sections 10620 to 10636, O. S. 1931), and the plaintiff is the beneficiary named in a certificate of membership issued by defendant to Walter A. Holford on the 8th day of August, 1932. The case was presented to the lower court upon an agreed statement of facts, which is as follows:

"1. The insured, Walter A. Holford, under beneficiary certificate herein sued on, failed to pay semi-annual dues on said certificate after the 16th day of February, 1933.

"2. Under date of the 16th day of August, 1933, notice of the lapse of the said beneficiary certificate and of failure to pay said semi-annual dues was duly sent to Walter A. Holford, same having been mailed from Oklahoma City at the close of business day of August 16, 1933, and that said notice was subsequently received by him. On the reverse side of said notice of the lapse appeared a form certificate of good health and application for reinstatement; that the said Walter A. Holford duly executed said certificate on or about the 22nd day of August, 1933, and that the said certificate and the personal check in the sum of $5 payable to the National Aid Life Association, was found in his possession at the time of his death.

"3. It is agreed that Leona Holford, the beneficiary in said certificate, in due time filed notice and proof of death of the said Walter A. Holford.

"4. It is further agreed that the certificate of insurance is not effective until delivered into the manual possession of the applicant while in good health, and that the same was not delivered until on or after the 9th day of August, 1932.

"5. It is further agreed that the said Walter A. Holford paid all membership fees, dues, emergency reserve fund assessments,

and death benefit assessments asked and required of him to be paid, except $5.00, as semi-annual dues, in August, 1933. In January, 1933, there was paid an emergency reserve assessment of $2.50. The insured died August 23, 1933."

The trial resulted in a verdict for the defendant and a finding by the court that the certificate sued upon lapsed prior to the death of the deceased.

The errors complained of are presented under two propositions; the first being as follows:

"The defendant was required to extend the time for payment of all premiums, dues or assessments for a period of time equal to the time which elapsed between the date of the policy and the date of its actual delivery to the insured."

The plaintiff contends that although the certificate provided that the premiums or semi-annual dues were due on the first day of August, 1933. the policy did not go into effect until its manual delivery to the insured, which was on August 9, 1932. And that the premium period must be counted from the 9th, which, if allowed 15 days of grace, would carry the policy over the 24th, one day after the death of the deceased. With this contention we cannot agree.

In the recent case of Home Aid Association v. Akers, 176 Okla. 561, 56 P. (2d) 770, this court, speaking through Mr. Justice Gibson, stated the law in this respect to be as follows:

"The membership certificate, the application therefor, and the by-laws of the association constitute the insurance contract between a mutual benefit association and one of its members, and the member is charged with knowledge of such by-laws and he and his beneficiary are bound by the provisions thereof. Home Forum Benefit Order v. Lizzie Jones, 5 Okla. 598, 50 P. 165; Modern Brotherhood of America v. Beshara, 42 Okla. 684, 142 P. 1014; Barnett v. Merchant L. Ins. Co., 87 Okla. 42, 208 P. 271; American Ins. Union v. Coward, 134 Okla. 303, 272 P. 1023."

Let us then examine the membership certificate. On the certificate, near the beginning thereof, appears the following:

"Semi-annual dues $5.00, due on the first day of February and the first day of August each year without further notice."

Then further in the body of the certificate the member agreed:

"* * * To pay $10.00 per annum for expenses of management, payable in semi-annual installments on the first day of the months specified in this certificate, payable without further notice," and, "Said member agrees further that failure by him or her to pay semi-annual dues by the 15th day of the month in which the same are payable shall terminate his or her membership and all rights or claims that he or she may have had in or against the Association on the date of said lapse."

The contract in this respect seems to be very clear. If, as contended by the plaintiff, the semi-annual dues did not become due until the 9th day of August, 1933, still by the plain provisions of the contract of insurance the member was obliged to **pay said dues on or before the 15th day** of the month in which the same were payable, or the membership and all rights thereunder would be terminated.

The plaintiff next contends that a balance of $2, which the defendant admits that it had on hand at the time of the alleged member's death, should be applied by the association as a payment on the dues of the member, thus carrying his insurance over until the date of his death. This $2 represents the balance of a $5 payment paid into the emergency reserve fund by the insured.

In this kind of insurance, upon the death of a member the remaining members in that particular group are assessed a certain amount for each thousand dollars of insurance that they carry. And instead of collecting from all the members each time there is a death, the association has established what is known as the emergency reserve fund and the assessments are paid out of said fund. As soon as the emergency reserve fund is exhausted, then another call is made for additional payment into said fund.

In the case of Modern Brotherhood of American v. Beshara, 42 Okla. 684, 142 P. 1014, it is said:

"The general rule that a member of a fraternal benefit society is charged with knowledge of its by-laws, rules, and regulations and is bound by the provisions thereof is well settled in the courts of this country."

Section 3 of article 8 of the by-laws of the association reads as follows:

"Accessions to Contingent Fund. Any and all sums paid to the treasurer of the National Aid Life Association by any member whose certificate shall thereafter lapse because of failure of said member to pay any dues or assessments within the time limited by these by-laws shall be by the treasurer

paid into and become a part of the Contingent Fund."

As the policy had lapsed prior to the death of the member, the lower court was correct in holding that the money on hand was rightfully paid into the contingent fund by the treasurer of said defendant.

No error appearing, the judgment of the trial court is affirmed.

RILEY, WELCH, PHELPS, and GIBSON, JJ., concur. McNEILL, C. J., OSBORN, V. C. J., and BAYLESS and BUSBY, JJ., absent.