## NATIONAL AID LIFE ASS'N v. GREGORY.

No. 26925. Dec. 15, 1936.

Rehearing Denied Jan. 5, 1937.

W. H. Kornegay and Snyder & Lybrand, for plaintiff in error.

Jesse L. Ballard and T. A. Chandler, for defendant in error.

PER CURIAM. The trial court, in rendering judgment against the association, made findings of fact, the essential portions of which are as follows:

Emmette R. Gregory, on August 2, 1934, made application through the association's local agent at Vinita for membership and certificate of insurance in the National Aid Life Association, a mutual insurance company. At that time he was in good health, but on August 9th became ill for the first time in 20 years, was operated upon on August 11th for appendicitis, and, becoming infected, died at 1:40 p. m., August 14. 1934, which was three or four hours before the certificate of insurance was mailed from the association's office. The association had made an independent investigation, received a report thereof in usual course on August 13th, and the next day approved the application, before Mr. Gregory died.

The court found that the mailing of the certificate was a waiver of the provisions of the by-laws, and that the parties intended the insurance to be effective when the application was accepted and the certificate issued.

The association contends that the beneficiary of the certificate is bound by the conditions of the application, certificate and by-laws, which provide in substance that "no liability is imposed upon the association and the certificate is not to become effective until it is accepted by the association and delivered into the manual possession of the applicant while he is still in good health." The beneficiary contends

that these provisions were waived and that there was a constructive delivery before the death of the applicant. She urges also that the association confined itself to the single defense that the policy did not become effective because not delivered to the applicant. The answer of the association, however, pleaded the provisions hereinabove referred to, as well as the facts of the fatal illness and the mailing of the policy after death of the applicant.

Most of the facts were agreed to, except that the beneficiary contended the deceased was stricken suddenly ill on August 11th, whereas the association claimed he was stricken on the 9th. The court found the 9th to be the correct date. No contention was made that the application was accepted or approved prior to August 10th. There is no evidence in the record to show that the association accepted or approved the application, or mailed the policy, other than subject to the conditions named therein. The policy, the application, and the by-laws, therefore, constitute the contract; and the intention of the parties, binding on the beneficiary, must be gathered from these instruments as a whole. Holford v. National Aid Life Association, 177 Okla. 284, 58 P. (2d) 588; Home Aid Association v. Akers, 176 Okla. 561, 56 P. (2d) 770.

Where an insurance company, with knowledge gained through agents or otherwise, accepts and delivers a policy when the insured is not in as good health as at the time application was made, there may be a waiver of the conditions as to delivery. Clark v. National Aid Life Ass'n, 177 Okla. 137, 57 P. (2d) 832. But there is no such waiver when it acts or delivers a policy without such knowledge, and the insured has knowledge of his serious change in health. In such case the company is protected against the change in condition arising between the date of application and the time of issuance and delivery. Mid-Continent Life Insurance Co. v. House, 156 Okla. 285, 10 P. (2d) 718.

It is proper for the parties to attach such conditions as they see fit to provide how and when the policy shall become effective, and unless these conditions are complied with, no valid insurance contract is created. Illinois Life Ins. Co. v. Sharp, 176 Okla. 225, 54 P. (2d) 1048.

That it is proper to inquire into the question of whether the applicant for insurance knows of his serious change in condition of health at the time of delivery of the policy

is indicated by this court in United Benefit Life Ins. Co. v. Knapp, 175 Okla. 25, 51 P. (2d) 963, where this court said:

"We must investigate the record on one question of fact: Was the policy delivered before he went to the hospital on July 21, 1931, or after? For the evidence is clear that after Elmo Knapp went to the hospital, he must have known that he was suffering from some serious disease, although, of course, he might not have known what it was."

In this case, it is undisputed that the deceased was operated on for appendicitis on August 11th, and the action of the company on his application was not taken until at least the 13th of the month. Even if it could be said that the certificate were delivered constructively when acted upon, it still had attached the condition that the health of the insured must then be good. Obviously, his health, to his knowledge, was then not as good as when application was made—a fact unknown to the association. The condition failed; hence, the policy did not become effective.

Moreover, before the policy was mailed the applicant died. Cases are cited holding that where a policy, in some circumstances, is placed in the mail for delivery, or in the hands of an agent for delivery, before the death of the insured, the fact of his intervening death does not prevent a legal delivery from being made. But here, concededly, at the time of mailing, the applicant was dead. The situation is not unlike the following:

"The contention of appellant's counsel is equivalent to asking the court to make a contract between the insurance company and a dead man. When George Ferguson Young died. the subject-matter of the contemplated contract and one of the parties to the negotiations passed out of existence. By virtue of the stipulations of the parties, and in view of the fact that the company had no knowledge of the death of the applicant. the delivery of the policies to the person named as beneficiary therein was without any force or effect whatsoever." Young v. Intersouthern Life Ins. Co. (Ind. App.) 128 N. E. 940.

And the same result is reached in the case of Bradley v. New York Life Insurance Co. (8th C. C. A.) 275 Fed. 657. One of the points decided there was that there was no delivery of the policy. Said the court:

"It must be conceded that there was no actual manual delivery of the policy to Bradley in his lifetime or good health, or at all. * * *

"It is conceded that Bradley was in good

health and an insurable risk when he made application for insurance, and that he continued so up to the morning of November 1, 1918, when he became fatally ill. There is no claim made that the policy was not delivered because Bradley was not in good health, but because he was dead. * * * No insurance was effected under the facts."

We have examined the authorities cited by appellee, but none fit the facts in this case. On the other hand, they suggest the rules hereinabove referred to, which, we think, must govern in this case. The decision of the trial court is unsupported by the evidence and should have been for the association. Since, undoubtedly, the parties have produced all of the facts pertinent to the issue, this case should be reversed and remanded, with directions to enter judgment in favor of the association, defendant in the trial court, and it is so ordered.

The Supreme Court acknowledges the aid of Attorneys Francis Stewart, Charles P. Gotwals, and L. W. Randolph in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Counsel, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Stewart and approved by Mr. Gotwals and Mr. Randolph, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., and BUSBY. PHELPS, CORN, and GIBSON, JJ., concur.