Dear Board of Examiners Jan Goldman,
¶ 0 This office has received your request for an official Attorney General Opinion asking, in effect, the following questions:
1. Can a corporation offer the services of a licensedaudiologist which it employs if the corporation is not owned andoperated exclusively by licensed audiologists, and thecorporation is not otherwise exempt from licensure?
 2. Can a corporation offer the services of a licensedspeech-language pathologist which it employs if the corporationis not owned and operated exclusively by licensed speech-languagepathologists, and the corporation is not otherwise exempt fromlicensure?
 3. If a corporation can offer the services of a licensedaudiologist or speech-language pathologist which it employs, canthe corporation advertise to the public that it offers suchservices?
¶ 1 In answering your questions, it is assumed that the corporations offering the professional services of a licensed audiologist or speech-language pathologist are not otherwise exempt from licensure pursuant to Section 1604 of the Speech-Language Pathology and Audiology Licensing Act ("Act"),59 O.S. 2001, §§ 1601-1622.
¶ 2 The Act does not expressly address whether a corporation can offer the services of a licensed audiologist or speech-language pathologist which it employs. The Act provides that unless otherwise excepted, "no person shall practice speech-language pathology or audiology[1] unless suchperson is licensed pursuant to the Speech-Language Pathology and Audiology Licensing Act." 59 O.S. 2001, § 1604[59-1604] (A) (emphasis added) (footnote added). "Person" is defined by the Act as "any individual, partnership, organization or corporation, except that only individuals may be licensed under the Speech-Language Pathology and Audiology Licensing Act[.]" Id. § 1603(A)(2). Consequently, no "individual, partnership, organization or corporation" shall practice speech-language pathology or audiology unless such "individual, partnership, organization or corporation" is licensed pursuant to the Act, except that "partnership[s], organization[s] [and] corporation[s]" cannot be licensed — only individuals may be licensed under the Act. Id.
 I. The Speech-Language Pathology and Audiology Licensing Act Does Not Prohibit A Corporation From Offering The Services Of A Licensed Audiologist Employed By The Corporation.
¶ 3 You first ask whether the above-quoted language of the Act, which says no person shall practice audiology without a license, prevents a corporation which is not a professional entity,[2] owned and operated by licensed audiologists, from offering the services of a licensed audiologist which the corporation employs.
¶ 4 The primary rule of statutory construction is to ascertain and declare the intention of the Legislature by looking at the language of the statutes. Tate v. Browning-Ferris, Inc.,833 P.2d 1218, 1228 (Okla. 1992). Statutes placing restrictions on the freedom to contract must be strictly construed. Tinker v.Modern Bhd. of Am., 13 F.2d 130, 132 (N.D. Okla. 1926). Seealso Ricks Exploration Co. v. Okla. Water Res. Bd.,695 P.2d 498, 504 (Okla. 1984) ("Public law will not be interpreted as legally destroying private rights by inference."). Strictconstruction of a statute refuses to extend the law by implication or equitable consideration and confines its operation to cases clearly within the letter of the statute, as well as within its spirit. Pfalzgraf v. Ward, 98 P.2d 931, 931
(syllabus ¶ 2) (Okla. 1939). The language of the Act, which says no person shall practice audiology without a license, and defines person as including a corporation, but says only individuals can be licensed, cannot be extended by implication to conclude that a corporation cannot offer the services of a licensed audiologist which the corporation employs.
¶ 5 A corporation can only act through its officers, directors, and employees. Seitsinger v. Dockum Pontiac Inc.,894 P.2d 1077, 1080 (Okla. 1995) (citation omitted). The Act does not expressly prohibit employment relationships between corporate employers and audiologist employees. Nothing in the Act expressly prohibits a corporation from offering the services of a licensed, individual audiologist which the corporation employs.
¶ 6 However, other professional licensure statutes in Oklahoma expressly prohibit certain relationships between licensed professionals and nonprofessionals. See 59 O.S. 2001, § 595[59-595]
("No optometrist . . . shall enter into any agreement, contract, arrangement, practice, or understanding, written or otherwise, with any optical supplier engaged in the sale of optical goods and materials to the public, whereby persons are referred by the optical supplier to said licensed person, and/or whereby persons are referred back to the optical supplier for the purchase of optical goods and materials."); Id. § 596 ("It shall be unlawful for any optometrist to render optometric care in any retail, mercantile establishment which sells merchandise to the general public[.]"). (Footnote omitted).
¶ 7 Unlike the prohibitions on optometrists imposed by Oklahoma's statutes, the Legislature has not sought to place express limitations on an audiologist's affiliations. The Legislature's failure to expressly prohibit these relationships between audiologists and corporations in the Act, where it has authority to impose such prohibition, indicates the Legislature's intent not to prohibit such contractual relationships. See Cityof Duncan v. Bingham, 394 P.2d 456, 460 (Okla. 1964) (Legislature's silence, when it has authority to speak, may be considered as indicating legislative intent). Consequently, corporations which are not organized and controlled by audiologists may offer to the public the services of a licensed audiologist which the corporation employs.
 II. A Licensed Audiologist's Employment Relationship With A Corporation Is Limited By The Audiologist's Ethical Duties To, Among Other Things, Maintain Exclusive Control Over His Or Her Professional Judgment.
¶ 8 Title 59 O.S. 2001, § 1611[59-1611] (A) requires the Board of Examiners for Speech-Language Pathology and Audiology to publish a code of ethics. The Board of Examiners has done so through the promulgation of administrative rules. See OAC 690:15-1-2-15-1-5 (2000). Among the principles of ethics promulgated by the Board of Examiners is that, "[l]icensees shall hold paramount the welfare of persons served professionally"; "[l]icensees shall maintain objectivity in all matters concerning the welfare of persons served professionally"; and "[p]ersons served must be provided freedom of choice for the source of services and products." OAC 690:15-1-3(1), (4), (4)(C) (2000). One of the ethical proscriptions promulgated by the Board of Examiners is that, "[l]icensees must not use professional or commercial affiliations in any way that would mislead or limit services to persons served professionally." OAC 690:15-1-4(3)(C) (2000).
¶ 9 These ethical principles promulgated by the Board of Examiners clearly indicate that a licensed audiologist's employment relationship with a corporation cannot impair or limit the services an audiologist renders to a member of the public. These ethical principles require, among other things, an audiologist in an employment relationship with a corporation to retain exclusive control over his or her professional judgment in diagnosing, advising, and treating a member of the public.
 III. A Corporation May Offer The Services Of A Licensed Speech-Language Pathologist Which It Employs; However, The Speech-Language Pathologist's Employment Relationship With A Corporation Is Limited By The Speech-Language Pathologist's Ethical Duties To, Among Other Things, Maintain Exclusive Control Over His Or Her Professional Judgment.
¶ 10 Based upon the identical analysis applied to audiologists in Sections I and II above, a corporation may offer the services of a licensed speech-language pathologist which it employs. However, a licensed speech-language pathologist's employment relationship with a corporation cannot impair or limit the services a speech-language pathologist renders to a member of the public. The speech-language pathologist in an employment relationship must, among other things, retain exclusive control over his or her professional judgment in diagnosing, advising, and treating a member of the public.
 IV. A Corporation May Properly Advertise That It Offers The Services Of A Licensed Audiologist or Speech-Language Pathologist Which It Employs.
¶ 11 Because a corporation may properly offer the services of a licensed audiologist or speech-language pathologist which it employs, as discussed in Sections I-III above, such corporation may advertise that it offers the services of the licensed audiologist or speech-language pathologist to the extent such advertising is not false, misleading, deceptive, or fraudulent.See 59 O.S. 2001, § 1619[59-1619] (A)(1); OAC 690:15-1-3(3) (2000). Because only individuals can be licensed under the Act, the fact that the services are being rendered by an individual licensee and not by the corporation should be made clear in the advertisement.
¶ 12 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. The Speech-Language Pathology and Audiology Licensing Act,59 O.S. 2001, §§ 1601-1622, does not prohibit a corporationfrom offering the services of a licensed audiologist which itemploys. However, the licensed audiologist's employmentrelationship with a corporation cannot impair or limit theservices the audiologist renders to the public. Among otherthings, the audiologist must retain exclusive control over his orher professional judgment in diagnosing, advising, and treating amember of the public.
 2. The Speech-Language Pathology and Audiology Licensing Act,59 O.S. 2001 §§ 1601-1622, does not prohibit a corporationfrom offering the services of a licensed speech-languagepathologist which it employs. However, the licensedspeech-language pathologist's employment relationship with acorporation cannot impair or limit the services thespeech-language pathologist renders to the public. Among otherthings, the speech-language pathologist must retain exclusivecontrol over his or her professional judgment in diagnosing,advising, and treating a member of the public.
 3. Because a corporation may properly offer the services of alicensed audiologist or speech-language pathologist which itemploys, such corporation may advertise those services to thepublic to the extent such advertising is not false, misleading,deceptive, or fraudulent. See 59 O.S. 2001, § 1619(A)(1);OAC 690:15-1-3(3) (2000). Because only individuals can belicensed under the Speech-Language Pathology and AudiologyLicensing Act, pursuant to 59 O.S. 2001, § 1603(A)(2), thefact that the services are being rendered by an individuallicensee and not by the corporation should be made clear in theadvertisement.
W.A. DREW EDMONDSON Attorney General of Oklahoma
JANIS W. PRESLAR Assistant Attorney General
[1] "`Practice of speech-language pathology' means the rendering or offering to render to any person or the public any speech, voice or language evaluation, examination, counseling or rehabilitation of or for persons who have or are suspected of having a speech, voice and/or language disorder, and/or representing oneself to be a speech-language pathologist[.]" 59O.S. 2001, § 1603[59-1603] (A)(6). "`Practice of audiology' means the rendering, or offering to render, to any person or the public, the evaluation, examination, counseling or rehabilitation of or for persons who have or are suspected of having a hearing disorder, and/or representing oneself to be an audiologist[.]"Id. § 1603(A)(9).
[2] The Professional Entity Act, 18 O.S. 2001, §§ 801-819, allows licensed professionals to utilize the corporate form of doing business for the purpose of providing professional services, so long as the individual or individuals forming the professional entity are all licensed professionals. Professionals which may organize under the Professional Entity Act are physicians, surgeons, doctors of medicine, osteopathic physicians and surgeons, chiropractic physicians, podiatric physicians, optometrists, veterinarians, architects, attorneys, dentists, certified public accountants, psychologists, physical therapists, registered nurses, professional engineers, land surveyors, occupational therapists, speech pathologists and therapists, audiologists, pharmacists, perfusionists, professional counselors, marital and family therapists, and dieticians. Id.
§ 803(A)(6). Licensed hearing aid dealers and fitters are not "professionals" authorized to organize under the Professional Entity Act. Nothing in Oklahoma's Professional Entity Act prohibits a corporation, which is not owned by one of the licensed professionals covered by the Act, from offering the services of a licensed professional which the corporation employs.